Opinion issued March 16, 2006



     











In The
Court of Appeals
For The
First District of Texas




NO. 01–05–00648–CR




LUCIANA LARYSSA LEWIS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause No. 974360



 
O P I N I O N

          Luciana Laryssa Lewis, appellant, was charged with the felony offense of
aggregate theft of more than $20,000 and less than $100,000. Tex. Pen. Code Ann.
§ 31.09 (Vernon 2003), § 31.03(a), (e)(5) (Vernon Supp. 2005). Appellant pleaded
not guilty. The jury found appellant guilty, and the trial court assessed punishment
at 5 years’ confinement in prison.
          In four points of error, appellant argues that (1) the evidence was legally
insufficient to prove ownership, lack of consent, and identity; (2) the evidence was
factually insufficient to prove identity; and (3) the trial court erred by including the
law of parties in the jury charge.
          We affirm.
Background
           At the time in question, appellant worked at a Home Depot in Spring, Texas,
and, in May of 2002, had been transferred to the special services desk. At the special
services desk, appellant was in charge of, among other things, processing special
orders and refunding purchases. On July 15, 2002, Karen Soete, a bookkeeper for
Home Depot, received a call from Compass Bank asking why they had credited
money to an account that had not purchased anything from Home Depot. Records
revealed that appellant had processed the transaction. Soete testified that when she
asked appellant about it, appellant simply responded that the customer had requested
that it be refunded to that account. This began the investigation.
          Diana Diaz, the operations manager for Home Depot, looked through the
records of refunds and found a number of inconsistencies between May and July
2002. The investigation revealed that over $20,000 had been “refunded” to the bank
accounts of Gladora Lewis and April Donnely, even though the records showed that
nothing had been purchased on either account. All of the original purported
purchases had been by other parties on other accounts. Records showed that all of
the purchases and all of the refunds, except one, had been processed on appellant’s
computer and register and that appellant had initialed the refund slips. The only
refund that was not done on appellant’s computer was done on the computer of a
trainee, Becky Rather, while appellant was training her.
          On the day that Diaz intended to confront appellant about what she had found,
appellant called her asking to take the day off because her uncle was gravely sick and
she needed to visit him. Diaz told appellant that she would try to find a replacement
for her. When the time came to confront appellant, Diaz discovered that appellant
had left three minutes earlier. Diaz left the store, trying to find appellant. Diaz
located appellant leaving the store grounds. Appellant refused to return and, without
asking what Diaz wanted to discuss, said only that she did not have to talk to Diaz. 
Appellant never returned to work.
Legal Sufficiency
          In her first three points of error, appellant argues that the trial court erred by
not granting appellant’s motion for instructed verdict.
A.     Standard of Review
          We treat a complaint of a denial of a motion for directed verdict as a challenge
to the legal sufficiency of the evidence to support a conviction. Williams v. State, 937
S.W.2d 479, 482 (Tex. Crim. App. 1996); Tyler v. State, 137 S.W.3d 261, 264 (Tex.
App.—Houston [1st Dist.] 2004, no pet.). A legal-sufficiency challenge requires us
to determine whether, after viewing the evidence in the light most favorable to the
verdict, any rational trier of fact could have found the essential elements of the
offense beyond a reasonable doubt. Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim.
App. 2000); Howley v. State, 943 S.W.2d 152, 155 (Tex. App.—Houston [1st Dist.]
1997, no pet.). Although our analysis considers all of the evidence presented at trial,
we may not re-weigh the evidence and substitute our judgment for that of the fact
finder. King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000).B. Analysis
          “A person commits an offense if he unlawfully appropriates property with
intent to deprive the owner of property.” Tex. Pen. Code Ann. § 31.03(a). 
Appropriation of property is unlawful if “it is without the owner’s effective consent.” 
Tex. Pen. Code Ann. § 31.03(b)(1).
          Appellant challenges three elements of the charge of theft. First, appellant
argues that the evidence was insufficient to prove that the complainant was the owner
of the stolen money. Second, appellant argues that the evidence was insufficient to
prove that the money was taken without the effective consent of the complainant. 
Finally, appellant argues that the evidence was insufficient to prove that appellant
committed the offense.
          1.       Owner of the Stolen Property
          The charge accuses appellant of appropriating property from Soete, the
complainant. Appellant argues that all the money was appropriated from Home
Depot, not Soete.
          The Texas Penal Code’s definition of “owner” includes a person who has “a
greater right to possession of the property than the actor.” Tex. Pen. Code Ann.
§ 1.07(a)(35)(A) (Vernon Supp. 2005). “Possession” is defined as “actual care,
custody, control, or management.” Tex. Pen. Code Ann. § 1.07(a)(39).
          An allegation of ownership may be alleged in either the actual owner or a
special owner. Tex. Code Crim. Proc. Ann. art. 21.08 (Vernon 1989); Freeman v.
State, 707 S.W.2d 597, 603 (Tex. Crim. App. 1986). “A ‘special owner’ is an
individual who is in custody or control of property belonging to another person.” 
Harrell v. State, 852 S.W.2d 521, 523 (Tex. Crim. App. 1993). When a corporation
is the owner of the property that has been stolen, it is the preferable pleading practice
to allege special ownership in a natural person acting for the corporation. Simpson
v. State, 648 S.W.2d 1, 2 (Tex. Crim. App. 1983); Harris v. State, 846 S.W.2d 960,
962 (Tex. App.—Houston [1st Dist.] 1993, pet. ref’d).
          Appellant argues that because both appellant and Soete were employees of
Home Depot, Soete cannot be said to have had a greater right of possession than
appellant. Appellant’s argument on appeal is inconsistent with her testimony at trial. 
During the State’s cross-examination, appellant admitted that Home Depot was in
charge of the money, that she was not authorized to move around funds without the
approval of Home Depot, and that Soete had a greater right of possession of the
property involved than appellant had. We hold that the evidence was legally
sufficient to show that Soete had a greater right of control in the property than
appellant.
          We overrule appellant’s first point of error.
          2.       Lack of Effective Consent
          At trial, the State established the following: Certain transactions were charged
to various people, and later the transactions were refunded to the accounts of Donley
and Gladora Lewis. No Home Depot purchases were ever charged to the accounts of
Donley and Gladora Lewis. One of the people that merchandise was charged to,
Eugene Short, testified that he had never been to that Home Depot, had never charged
anything from that Home Depot, and never received merchandise from that Home
Depot. The charging and refunding required the use of a store computer and register,
both of which appellant was logged into, except for one refund that was done on a
register that Rather was logged into. The one on Rather’s register was done while
Rather was a new employee being trained by appellant. Appellant initialed all of the
transactions, including the one on Rather’s register. For some of the transactions,
appellant wrote in the name of the approving manager. A Home Depot employee is
not authorized to credit an account other than the account used to make a purchase. 

          We hold that the evidence was legally sufficient to establish a lack of effective
consent. We overrule appellant’s second point of error.
          3.       Identity
          In her third point of error, appellant states that the evidence was insufficient to
establish intent. However, all of appellant’s arguments dispute that appellant was the
party who committed the theft. Therefore, we review the record for evidence of
identity. See Tex. R. App. P. 38.1(h).
          The evidence established that all of the fraudulent transactions took place while
appellant was working. They were performed on computers and registers that showed
she was the assigned employee. The receipts contained appellant’s handwriting and
signature. All of this evidence leads to a reasonable conclusion that appellant was the
party committing the theft.
          We hold that the evidence was legally sufficient to support a finding that
appellant committed the theft.
Factual Sufficiency
          In her first three points of error appellant challenges the denial of a directed
verdict. A bare complaint about the denial of a motion for instructed verdict only
raises a challenge to the legal sufficiency of the evidence. Williams, 937 S.W.2d at
482. However, for her third point of error, appellant cites factual sufficiency law and
applies it to her argument. Because we construe briefs liberally, and because a
factual-sufficiency challenge can be raised for the first time on appeal, we include a
review of the factual sufficiency of the evidence for identity. See Tex. R. App. P.
38.1(e), 38.9; Washington v. State, 127 S.W.3d 197, 203 (Tex. App.—Houston [1st
Dist.] 2003, pet. dism’d).
A.      Standard of Review
          In a factual-sufficiency review, we view all of the evidence in a neutral light,
and we will set the verdict aside only if the evidence is so weak that the verdict is
clearly wrong and manifestly unjust, or the contrary evidence is so strong that the
standard of proof beyond a reasonable doubt could not have been met. Escamilla v.
State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004) (citing Zuniga v. State, 144
S.W.3d 477, 481 (Tex. Crim. App. 2004)). Our evaluation may not intrude upon the
fact-finder’s role as the sole judge of the weight and credibility accorded any
witness’s testimony. Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). 
The fact-finder alone determines what weight to place on contradictory testimonial
evidence, as it depends on the fact-finder’s evaluation of credibility and demeanor. 
Id. at 408. In conducting a factual-sufficiency review, we must discuss the evidence
that, according to appellant, most undermines the jury’s verdict. See Sims v. State,
99 S.W.3d 600, 603 (Tex. Crim. App. 2003).
B.      Analysis
          At trial, appellant testified that she did not commit the theft. The jury is the
exclusive judge of the facts, the credibility of the witnesses, and the weight to be
given to the witnesses’ testimony. Jaggers v. State, 125 S.W.3d 661, 672 (Tex.
App.—Houston [1st Dist.] 2003, pet. ref’d). The jury may believe all, some, or none
of any witness’s testimony. See Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim.
App. 1986) (stating that jury “could choose to believe or not believe the witnesses,
or any portion of their testimony”).
          The only other evidence presented suggesting that appellant did not commit the
theft was testimony from the witnesses that someone else could have used appellant’s
computer and register to perform the transactions while she was away or that a
customer could have brought the items back and had appellant refund the charges to
a different account under a different name. However, there was no evidence
presented to suggest that this is what actually did happen. The jury’s decision is not
manifestly unjust merely because the jury resolved conflicting views of evidence in
favor of the State. Cain, 958 S.W.2d at 410.
          We hold that the evidence was factually sufficient to support a finding that
appellant committed the theft. We overrule appellant’s third point of error.
Jury Charge
          In her fourth point of error, appellant argues that the court erred in including
the law of parties in the jury charge. Appellant argues that no evidence shows that
Gladora Lewis or April Donely committed the offense and that no evidence shows
that appellant aided them.
A.      Standard of Review
          “In general, an instruction on the law of parties may be given to the jury
whenever there is sufficient evidence to support a jury verdict that the defendant is
criminally responsible under the law of parties.” Ladd v. State, 3 S.W.3d 547, 564
(Tex. Crim. App. 1999). We therefore review the record for any evidence that more
than one party acted with the requisite intent to assist in carrying out the commission
of the crime. See id. 
B.      Analysis
          Under the law of parties, a person is criminally responsible for the conduct of
another if, “acting with intent to promote or assist the commission of the offense, he
solicits, encourages, directs, aids, or attempts to aid the other person to commit the
offense.” Tex. Pen. Code Ann. § 7.02(a)(2) (Vernon 2003). The evidence must
show that, at the time of the offense, the parties were acting together, each
contributing some part toward the execution of their common purpose. Ransom v.
State, 920 S.W.2d 288, 302 (Tex. Crim. App. 1994); Ahrens v. State, 43 S.W.3d 630,
634–35 (Tex. App.—Houston [1st Dist.] 2001, pet. ref’d). In determining whether
a defendant participated in an offense as a party, the factfinder may examine the
events occurring before, during, and after the commission of the offense and may rely
on actions of the defendant that show an understanding and common design to
commit the offense. Ransom, 920 S.W.2d at 302.
          The charge to the jury on the law of parties read:
[I]f you find from the evidence beyond a reasonable doubt that in Harris
County, Texas, Gladora Lewis and/or April Donnely, heretofore on or about
the 12th day of May, 2002 did then and there unlawfully pursuant to one
scheme or continuing course of conduct, appropriate, by acquiring or otherwise
exercising control over property, namely, cash money, owned by Karen Soete,
with the intent to deprive Karen Soete of the property and the total value of the
property appropriated was over twenty thousand dollars and under one hundred
thousand dollars, and that the defendant, Luciana Laryssa Lewis, with the
intent to promote or assist the commission of the offense, if any, solicited,
encouraged, directed, aided or attempted to aid Gladora Lewis and/or April
Donnely to commit the offense, if she did, then you will find the defendant
guilty of theft of property of the total value of over twenty thousand dollars and
under one hundred thousand dollars, as charged in the indictment.

          The State sought to admit this charge under the theory that appellant assisted
Gladora Lewis and April Donnely in appropriating over $20,000. Short, one of the
people that the merchandise was charged to, testified that he was a Southwestern Bell
customer. The State later presented Shunta Brown. Brown testified that she worked
for Southwestern Bell during the time in question. She had access to the customers’
information including name, address, and social security number. Brown knew April
Donely. April Donely had lived with Brown for a brief time and had used Brown’s
address for a mailing address. During the time in question, appellant had lived in the
same apartment complex as Brown. Brown testified that she was related to Gladora
Lewis. Finally, the money was deposited into the accounts of Gladora Lewis and
April Donnely.
          We hold that there was sufficient evidence to warrant including the law of
parties in the jury charge.
          We overrule appellant’s fourth point of error.

Conclusion
          We affirm the judgment of the trial court.
 
                                                                        Laura Carter Higley

                                                                        Justice

Panel consists of Justices Taft, Higley, and Bland.

Publish. See Tex. R. App. P. 47.2(b).