NO. 07-06-0276-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 29, 2007

_____

CECIL RAY MCDONALD AKA CECIL RAY TRIMBLE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2000-434614; HONORABLE BRADLEY S. UNDERWOOD, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

_____**MEMORANDUM OPINION**

Appellant, Cecil Ray McDonald aka Cecil Ray Trimble, appeals his conviction for the offense of murder contending that the evidence is factually insufficient to support his conviction and that the trial court erred in admitting evidence of extraneous bad acts during the guilt-innocence phase of the trial. We affirm.

## Background

In August 2000, appellant's bike was stolen from outside his apartment. Appellant, believing that James Gary was responsible, went to Gary's home to confront him. When appellant discovered that Gary was not home, appellant left a message with Gary's mother that appellant intended to contact the police if appellant's bike was not returned.

Gary received the message and went to appellant's home to discuss the stolen bike. While Gary was at appellant's home, a struggle ensued and appellant stabbed Gary. The landlord of the apartment complex heard the struggle and confronted appellant and Gary. The landlord did not see any weapons nor did he notice any injuries. Only after Gary left the premises did the landlord notice any blood at the scene. The landlord instructed appellant to clean up the blood, which appellant did. Later that day, Gary was found dead at a nearby school. Appellant was arrested and charged with murder.

Appellant was found guilty by a jury and sentenced to 60 years confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant appeals contending that the evidence is factually insufficient to support his conviction and that the trial court erred in allowing testimony of extraneous offenses during the guilt-innocence phase of the trial. Because of the nature of the issues raised, we will address the issues in reverse order.

## Admission of Extraneous Offenses

During trial, appellant testified that Gary came to his house after appellant had stated his intention to call the police regarding the missing bicycle. Appellant stated that Gary did not appear "right," and that appellant feared Gary may have a weapon. According to appellant, after Gary attempted to enter his apartment, appellant reached for a knife and began to struggle with Gary. The two struggled and fell down a stairway. Appellant testified that he did not recall stabbing Gary and that he did not intend to "stick him."

Upon the conclusion of appellant's direct examination, the State's cross examination began with the prosecution questioning appellant as to his commission of prior violent acts. During a hearing outside the presence of the jury, the State notified the trial court and appellant that it intended to introduce evidence of appellant's convictions for aggravated assault and criminal trespass as well as evidence of prior bad acts including a pending charge of unlawfully carrying a weapon and disciplinary problems while in jail. Appellant objected under Rules 608 and 609 of the Texas Rules of Evidence. The trial court excluded evidence of the aggravated assault, but overruled appellant's objections to the remaining acts. Appellant then objected under Rule 403 contending that the evidence was more prejudicial than probative, which the trial court overruled.

The admissibility of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion. Osbourn v. State, 92 S.W.3d 531, 537 (Tex.Crim.App. 2002). If there is evidence supporting the trial court's decision to admit evidence, there is no abuse and the appellate court must defer to that decision. Id. at 538.

Even when the trial judge gives the wrong reason for his decision, if the decision is correct on any theory of law applicable to the case it will be sustained. Id. A party may introduce evidence where it logically serves to make more or less probable an elemental fact or an evidentiary fact that inferentially leads to an elemental fact. Johnson v. State, 932 S.W.2d 296, 301 (Tex.App.–Austin 1996, pet. ref'd). Intent can be characterized as a contested issue for purposes of justifying the admission of extraneous offense evidence if the required intent for the primary offense cannot be inferred from the act itself or if the accused presents evidence to rebut the inference that the required intent existed. Id. at 302. Intent is most clearly in issue when the defendant argues that the charged offense was unintentional or the result of an accident. Id.

Appellant testified that Gary must have been injured while falling down the stairs. In fact, appellant testified that, "[I]t was an accident. I wasn't trying . . . to do nothing [sic], you know, trying to stick him." Hence, the State, who has the burden to prove the offense charged, is allowed to rebut appellant's claim of accident. Id. Once appellant claimed that Gary was stabbed by accident, intent can no longer be inferred from other uncontested direct evidence, and the State is allowed to prove intent through evidence of other crimes, wrongs, or acts. See id. at 302. The State is also allowed to show other violent acts of the defendant where the defendant was the aggressor. See id. Hence, the trial court could have allowed the admission of the extraneous offense evidence as rebuttal of appellant's contention that he lacked the requisite intent. See TEX. R. EVID. 404(b); Johnson, 932 S.W.2d at 301. Therefore, we conclude that the trial court did not err in admitting evidence of the extraneous offenses. We overrule appellant's second issue.

4

Factual Sufficiency[1]

When an appellant challenges the factual sufficiency of the evidence supporting his conviction, the reviewing court must determine whether, considering all the evidence in a neutral light, the jury was rationally justified in finding appellant guilty beyond a reasonable doubt. See Watson v. State, 204 S.W.3d 404, 415 (Tex.Crim.App. 2006). In performing a factual sufficiency review, we are to give deference to the fact finder's determinations if supported by the record and may not order a new trial simply because we may disagree with the verdict. See id. at 417. As an appellate court, we are not justified in ordering a new trial unless there is some objective basis in the record demonstrating that the great weight and preponderance of the evidence contradicts the jury's verdict. See id. Additionally, an appellate opinion addressing factual sufficiency must include a discussion of the most important evidence that appellant claims undermines the jury's verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).

Appellant's contention is that the State did not demonstrate that appellant intended to produce the prohibited result. Appellant contends that he does not remember stabbing Gary and believes Gary was accidentally stabbed when the two fell down the stairs. Thus, appellant contends that the State has not shown that he "intentionally or knowingly" caused

---

[1]Although appellant attempts to present his contention of factual sufficiency by discussing a non-existent denial of a motion for instructed verdict, we will construe his contention as simply raising factual sufficiency. See TEX. R. APP. P. 38.9. See also Lewis v. State, 193 S.W.3d 137, 141 (Tex.App.–Houston [1st Dist.] 2006, no pet.) (when appellant cites factual sufficiency law and applies it to his argument, the court may include a review of factual sufficiency).

the death of Gary.  <u>See</u> TEX. PENAL CODE ANN. § 19.02(b)(1) (Vernon 2003).   However, the State presented other evidence to show that appellant had threatened others with violence and that appellant had chased another individual with a knife when appellant believed the individual had stolen money from him.  The State also cross examined appellant and pointed out inconsistencies in his testimony that Gary was the aggressor and that Gary was threatening him.  We, as an appellate court, are to defer to the fact finder's determinations if supported by the record.  The jury in this case had evidence that could rationally justify a finding that appellant was guilty of intentionally and knowingly causing the death of Gary.   Hence, we conclude that the evidence is factually sufficient to support appellant's conviction.  We overrule appellant's first issue.

Conclusion

For the foregoing reasons, we affirm.

Mackey K. Hancock
Justice

Do not publish.

6