Memorandum Opinion issued April 27, 2010 withdrawn; Affirmed and Substitute
Memorandum Opinion filed May 25, 2010.

 

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00327-CR

NO. 14-09-00336-CR

___________________

 

Timothy Edward Shaffer,
Appellant

 

V.

 

The State of Texas, Appellee



 



 

On
Appeal from the 249th District Court

Johnson County,
Texas



Trial Court Cause Nos. F43355, F40654

 



 

 

SUBSTITUTE MEMORANDUM OPINION

            Our memorandum opinion of April 27, 2010 is withdrawn,
and the following substitute memorandum opinion is issued in its place.

Timothy Edward Shaffer
appeals his convictions for aggravated sexual assault of a child and indecency
with a child (cause number F40654) and online solicitation of a minor (cause
number F43355).  Appellant contends the evidence is legally and factually
insufficient to support his convictions.  We affirm.

I.         Background

The nature of the
criminal allegations in this case requires a recitation of somewhat graphic
facts.  The complainant, D.S.,[1]
and appellant first communicated with each other online during the summer of
2004 and eventually spoke on the telephone.  D.S. was living with her father at
the time in North Richland Hills, Texas.  

In August 2004, D.S.,
thirteen years old, returned to her mother’s home in Cleburne, Texas, to begin
the school year.  Upon her return, D.S. met appellant, twenty-six years old, in
person.  Appellant was living with C.P., a friend of D.S.’s from school. 
Appellant worked for C.P.’s mother following her back surgery.  After hearing
of problems appellant was having at home, C.P.’s mother invited appellant to
live with her and her son.  

According to D.S.,
appellant kissed her and touched her breast during their first meeting.  In subsequent
meetings over the next several days, appellant had sexual intercourse with D.S.
at C.P.’s residence.  

D.S.’s mother began to
worry that something was going on between her daughter and appellant.  She asked
her best friend’s daughter, A.G., to go to C.P.’s residence and tell her what
was going on with her daughter.  Based on information she obtained, D.S.’s
mother called the police. She also informed D.S. that further contact with the
appellant was forbidden.  

Later, during the school
year, D.S. wrote a note that circulated at school.  In the note, D.S.
communicated to appellant that she had asked someone to kill her mother and her
mother’s boyfriend so she could be with appellant.  D.S. was charged with
attempt to solicit capital murder, spent several weeks in juvenile detention,
and eventually went to live with her father in North Richland Hills after the
charges were dismissed.  

D.S. decided to contact
appellant by telephone in the summer of 2005.  That August, the two had
communications over the Internet.  During this time, D.S. called her mother and
asked for a ring that appellant had given D.S.  D.S.’s mother became concerned
that her daughter was seeing appellant again and contacted D.S.’s father.  D.S.’s
father also became concerned and purchased software to monitor his daughter’s
computer use.  During one of their online communications, D.S. and “Lovelyponygirl”
discussed meeting the night of August 26.  The plan called for “Lovelyponygirl”
to park in the driveway of a vacant house and meet D.S. at her father’s
residence.  D.S.’s father took this information to the police, and the police
set up surveillance.  Appellant arrived as planned, and the police followed and
arrested appellant.  

The State charged appellant with three counts of aggravated sexual
assault of a child, two counts of indecency with a child, two counts of online
solicitation of a minor,[2] and seven counts of possession or
promotion of child pornography.  See Tex. Penal Code Ann. § § 22.021
(Vernon 2003 & Supp. 2009), 21.11 (Vernon 2003), 33.021 (Vernon Supp. 2009),
43.26 (Vernon 2003).  The cause numbers were consolidated in a single trial.  The
State moved to dismiss the seven counts of possession or promotion of child
pornography (cause number F43356), and the trial court granted the motion.  A
jury found appellant guilty of the remaining charges and sentenced him to 60
years’ confinement in the Texas Department of Criminal Justice, Institutional
Division and a $5,000 fine for each of the three counts of aggravated sexual
assault of a child, 10 years’ confinement and a $2,500 fine for each of the two
counts of indecency with a child, and 15 years’ confinement and a $5,000 fine for
one count of online solicitation of a minor. 

II.        Standard of Review

In a legal-sufficiency
review, we consider all of the evidence in the light most favorable to the jury’s
verdict and decide whether a rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt.  Wesbrook v.
State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000).  The jury, as the trier
of fact, is the sole judge of the credibility of the witnesses and of the
strength of the evidence.  Fuentes v. State, 991 S.W.2d 267, 271 (Tex.
Crim. App. 1999).  We may not substitute our judgment for the jury’s, and we do
not re-examine the weight and credibility of the evidence considered by the
jury.  King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000).  If any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt, we must affirm.  McDuff v. State, 939 S.W.2d
607, 614 (Tex. Crim. App. 1997).

            When
we review the factual sufficiency of the evidence, by contrast, we consider the
evidence in a neutral light.  Watson v. State, 204 S.W.3d 404, 414 (Tex.
Crim. App. 2006).  We must set aside the verdict if (1) the proof of guilt is
so obviously weak as to render the verdict clearly wrong and manifestly unjust,
or (2) the proof of guilt, while legally sufficient, is nevertheless outweighed
by the great weight and preponderance of the contrary proof so as to render the
verdict clearly wrong and manifestly unjust.  Roberts v. State, 220
S.W.3d 521, 524 (Tex. Crim. App. 2007).  However, because the jury is best able
to evaluate the credibility of witnesses, we must afford appropriate deference
to its conclusions.  Lancon v. State, 253 S.W.3d 699, 704-05 (Tex. Crim.
App. 2008).  In conducting a factual-sufficiency review, we discuss the
evidence appellant claims is most important in allegedly undermining the jury’s
verdict.  Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).  

III.      Discussion

A. 
Aggravated Sexual Assault of a Child and Indecency with a Child

In two issues, appellant
contends the evidence is legally and factually insufficient to support his
convictions for aggravated sexual assault of a child and indecency with a
child.

1.         Legal
Sufficiency

Appellant argues that
there was no evidence he caused the penetration of D.S.’s sexual organ with his
finger.  He does not challenge the legal sufficiency of the evidence to
establish any other element of aggravated sexual assault of a child or any
element of indecency with a child.[3]


             A
person commits the offense of aggravated sexual assault of a child “if the
person intentionally or knowingly causes the penetration of the . . . sexual
organ of a child by any means” and the victim is younger than 14 years of age. 
Tex. Penal Code Ann. § 22.021(a)(1)(B)(i), (2)(B) (Vernon 2003 & Supp.
2009).  In counts one and two of the indictment, the State alleged appellant intentionally
or knowingly caused the penetration of D.S.’s sexual organ with his finger.

            Appellant
contends there was no evidence that he caused the penetration of D.S.’s sexual
organ with his finger.  He asserts D.S. testified to fondling and sexual
intercourse, but not to digital penetration.  Appellant’s assertion is incorrect. 
D.S. testified that appellant penetrated her sexual organ with his finger on
more than one occasion while at C.P.’s residence during a one-and-a-half week
period in August 2004.  In sexual abuse cases, the testimony of the child
victim alone is sufficient to support the conviction.  Tex. Code Crim. Proc.
Ann. art. 38.07(a), (b)(1) (Vernon 2005); Tran v. State, 221 S.W.3d 79,
88 (Tex. App.—Houston [14th Dist.] 2005, pet. ref’d).  Therefore, the evidence
is legally sufficient to support appellant’s conviction for the two counts of
aggravated sexual assault of a child that alleged digital penetration.

            2.         Factual
Sufficiency

            Appellant
next contends the evidence is factually insufficient to support his convictions
for aggravated sexual assault of a child and indecency with a child by contact. 
In support of his factual-insufficiency argument, appellant contends (1)
witnesses never stated they saw appellant place his finger in D.S.’s sexual
organ; (2) D.S. did not testify to digital penetration; (3) contrary evidence
showed appellant had piercings on his penis and, because of the piercings, any
sexual intercourse would have caused physical damage to D.S.; and (4) one of
the State’s witnesses, A.B., could not identify appellant in the courtroom.[4]

            D.S.
testified that appellant penetrated her sexual organ with his finger on more
than one occasion while at C.P.’s residence during a one-and-a-half week period
in August 2004.  Appellant does not state how appellant’s piercings or A.B.’s inability
to identify appellant in court contradicted this evidence of digital
penetration.  Viewing the evidence in a neutral light, the evidence is not so
obviously weak as to render the verdict clearly wrong and manifestly unjust. 
Likewise, the proof of guilt is not outweighed by the great weight and
preponderance of the contrary proof so as to render the verdict clearly wrong
and manifestly unjust.  Therefore, the evidence is factually sufficient to support
appellant’s conviction for the two counts of aggravated sexual assault of a child
that alleged digital penetration.

To the extent appellant
is attempting to challenge the factual sufficiency of the evidence to prove the
aggravated sexual assault of a child charge in count three of the indictment or
to prove the indecency with a child charges in counts four and five of the
indictment, appellant’s argument is without merit.  

A person commits the
offense of aggravated sexual assault of a child “if the person intentionally or
knowingly causes the sexual organ of a child to contact . . . the . . . sexual
organ of another person, including the actor” and the victim is younger than 14
years of age.  Tex. Penal Code Ann. § 22.021(a)(1)(B)(iii), (2)(B) (Vernon 2003
& Supp. 2009).  In count three of the indictment, the State alleged
appellant intentionally or knowingly caused the sexual organ of D.S. to contact
appellant’s sexual organ.

A person commits the
offense of indecency with a child “if, with a child younger than 17 years of
age . . . the person engages in sexual contact with the child . . . .”  Id.
§ 21.11(a)(1) (Vernon 2003 & Supp. 2009).[5] 
“Sexual contact,” as it applies in this case, means any touching by a person of
the breast, committed with the intent to arouse or gratify the sexual desire of
any person.  Id. § 21.11(c)(1).   

D.S. testified that
appellant had sexual intercourse with her and touched her breast on more than
one occasion at C.P.’s residence during a one-and-a-half week period in August
2004.  The testimony of the child victim alone is sufficient to support a
conviction under chapter 21, section 22.011, or section 22.021.  Tex. Code
Crim. Proc. Ann. art. 38.07(a), (b)(1).  A.B. also testified that D.S. and
appellant went into a room alone at C.P.’s residence and A.B. heard moaning and
things being moved around.  She stated that when appellant came out of the
room, he was putting his shirt back on and then made comments to D.S. to “tell
him next time that she started her period” and asked A.B. to smell his beard
because “[D.S.] tasted real good.”  In addition, C.P. testified that he saw
appellant touch D.S.’s “breast area” at C.P.’s residence.  A.G. testified that,
while at C.P.’s residence, she saw appellant grab D.S.’s breast as he was talking
about putting lotion on her breasts.  The specific intent required for the
offense of indecency with a child may be inferred from a defendant’s conduct,
his remarks, and all of the surrounding circumstances.  McKenzie v. State,
617 S.W.2d 211, 216 (Tex. Crim. App. 1981) (panel op.).       

With regard to testimony
about appellant’s piercings and A.B.’s inability to identify appellant in court,
the jury is the sole judge of the weight and credibility of witness testimony. 
Lancon, 253 S.W.3d at 707.  The jury may choose to believe some
testimony and disbelieve other testimony.  Id.  Here, the jury chose to
believe the testimony that appellant had sexual intercourse with D.S. and
touched her breast.   

Viewing the evidence in a neutral light, the evidence is not
so obviously weak as to render the verdict clearly wrong and manifestly unjust
nor is the proof of guilt outweighed by the great weight and preponderance of
contrary proof.

            Accordingly,
we overrule appellant’s first and second issues in his appeal from his
convictions in cause number F40654.

B. 
Online Solicitation of a Minor          

In a
separate brief, appellant contends the evidence is legally and factually
insufficient to support his conviction for online solicitation of a minor.  Specifically,
appellant argues that there is no evidence he was the person who solicited D.S.[6]  

            1.         Legal
Sufficiency

            As
it applies to this case, a person commits the offense of online solicitation of
a minor “if the person . . . through a commercial online service, knowingly
solicits a minor to meet another person, including the actor, with the intent
that the minor will engage in . . . deviate sexual intercourse with the actor .
. . .”  Tex. Penal Code Ann. § 33.021(c) (Vernon Supp. 2009).  Deviate sexual
intercourse is defined as “any contact between any part of the genitals of one
person and the mouth or anus of another person.”  Tex. Penal Code Ann. §
21.01(1)(A) (Vernon 2003).  

D.S. testified that she
and appellant had communications on AOL Instant Messenger in August 2005.  She
stated that appellant used the screen name “Lovelyponygirl.”  The record
reflects a sexually explicit dialogue between the screen name D.S. testified to
using[7]
and “Lovelyponygirl” on August 25, 2005.  D.S. and “Lovelyponygirl” also
discussed via instant messenger meeting in person the night of August 26, 2005,
to watch a movie and have sexual intercourse, including remarks by “Lovelyponygirl”
that he wanted to place his penis in D.S.’s anus.  D.S. testified that the
movie they were going to watch was “Charlie and the Chocolate Factory.”  The
discussion included a detailed description of where “Lovelyponygirl” should
park his car, namely in the driveway of a green and white vacant house on
Simmons Street.  

Detective Wayne Goodman
testified that on the night of August 26, 2005, he saw a white pick-up truck
park in the driveway of a vacant house, as described in the messages between
D.S. and “Lovelyponygirl,” and he observed a man exit the vehicle and walk to
D.S.’s residence.  The police went to the residence and arrested appellant.  A
bag was found in D.S.’s bedroom that contained the movie “Willie Wonka and the
Chocolate Factory,” an unopened condom, and a bottle of massage oil.  Detective
Goodman testified that the bag belonged to appellant.    

In addition, the August
25, 2005 dialogue included a discussion about D.S. sending sexually graphic
photographs of herself to “Lovelyponygirl.”  Officer James Hollingsworth, a
criminal investigator assigned to the Computer Crimes Unit at the Tarrant
County District Attorney’s Office, analyzed a computer taken from D.S.’s father’s
residence in North Richland Hills.  He testified that he found seven sexually
graphic images on the hard drive and “Lovelyponygirl” on the AOL buddy list.  

Hollingsworth also
analyzed an external hard drive and computer taken from C.P.’s residence.  He testified
that he found two folders labeled “Lovelyponygirl,” D.S.’s screen name on the
AOL buddy list, and the same sexually graphic photographs.  On the external
hard drive, he found pieces of text with the email address used by appellant.  

The testimony showed that
C.P., his mother, and appellant lived at C.P.’s residence and everyone had
access to the computer in the computer room.  C.P. denied that he was
“Lovelyponygirl” during his testimony.  Detective Goodman testified that the
dialogue between “Lovelyponygirl” and D.S. indicated “Lovelyponygirl” was a
male.

When viewing the
evidence in the light most favorable to the verdict, we conclude that a
rational trier of fact could have found that appellant was the one who, through
a commercial online service, knowingly solicited D.S. to meet him with the
intent that she would engage in deviate sexual intercourse with him. 

2.         Factual
Sufficiency

            Appellant
next contends the evidence is factually insufficient to support his conviction
for online solicitation of a minor.  In support of his factual-insufficiency
argument, appellant contends (1) no evidence was presented that appellant was
the one who made the online solicitation; (2) no testimony proved that
appellant or D.S. had access to computers with Internet service;[8] (3) there was
evidence that multiple people had access and, in fact, used the computers
seized by law enforcement; and (4) D.S. admitted that, at times, she thought
she was talking to one person online only to realize it was someone else.

            As
discussed under the legal-sufficiency analysis, there was evidence that
appellant was the one who, through a commercial online service, knowingly
solicited D.S. to meet him with the intent D.S. would engage in deviate sexual
intercourse with him.  C.P. and C.P.’s mother testified that appellant had
access to the computer in the computer room at C.P.’s residence; C.P.’s mother
testified that the computer had Internet service.  D.S. testified that when she
first began communicating online with appellant in the summer of 2004, she
initially thought she was communicating with C.P.; however, D.S. testified that
it was appellant with whom she was communicating online on August 25, 2005,
which was the communication that gave rise to the charge for online solicitation
of a minor.  Specifically, D.S. testified that the sexually explicit dialogue
between her screen name and “Lovelyponygirl” on August 25 via AOL Instant Messenger
was a dialogue between her and appellant.  

While testimony that
several people had access to the computer at C.P.’s residence may have
suggested that someone else could have used the computer to contact D.S., there
was no evidence presented to suggest that is what actually happened.  Lewis
v. State, 193 S.W.3d 137, 142 (Tex. App.—Houston [1st Dist.] 2006, no pet.)
(evidence of theft not factually insufficient when testimony indicated someone
else could have used computer but no evidence that is what actually
happened).  The jury is the sole judge of a witness’s credibility and the
weight to be given the testimony.  Lancon, 253 S.W.3d at 707.  The jury
may choose to believe some testimony and disbelieve other testimony.  Id. 
Here, the jury chose to believe D.S.’s testimony that it was appellant with
whom she was communicating via AOL Instant Messenger on August 25. 

Viewing the evidence in a neutral light, the evidence is not
so obviously weak as to render the verdict clearly wrong and manifestly unjust
nor is the proof of guilt outweighed by the great weight and preponderance of
contrary proof.

           Accordingly,
we overrule appellant’s first and second issues in his appeal from his
conviction in cause number F43355.

III.      Conclusion

            Having
overruled appellant’s issues, we affirm the judgments of the trial court.

 

                                                                                    

                                                                        /s/        Kent
C. Sullivan

                                                                                    Justice

 

 

Panel consists of Justices
Frost, Boyce, and Sullivan.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1] On appeal we will use
only the complainant’s initials and the initials of other juveniles involved.





[2] Prior to trial, the State
abandoned one of the two counts of online solicitation of a minor.





[3] Counts one and two of the
indictment alleged aggravated sexual assault of a child by digital penetration;
count three alleged aggravated sexual assault of a child by appellant causing D.S.’s
sexual organ to contact appellant’s sexual organ.  Counts four and five of the
indictment alleged indecency with a child by contact with D.S.’s breast.  On
appeal, appellant only challenges the legal sufficiency of the evidence to show
he digitally penetrated D.S.  To the extent that appellant may have intended to
challenge the legal sufficiency of the evidence with respect to counts three,
four, and five, appellant has failed to brief any such issues on appeal.  See
Tex. R. App. P. 38.1(i).  





[4] A.B. identified appellant
from a picture of how he appeared in August 2004, but could not identify him in
court.





[5] In 2009, the legislature
removed the requirement that the child must not be the person’s spouse.  Act of
Sept. 1, 2009, 81st Leg., R.S., ch. 260, § 1, 2009 Tex. Gen. Laws 710.  In this
case, D.S. testified that she was not appellant’s spouse.





[6] While appellant’s “Summary of the Argument” under his
legal and factual sufficiency issues states generally that the essential
elements of online solicitation of a minor were not met beyond a reasonable
doubt, appellant does not challenge the sufficiency of the evidence to prove
the other elements of the offense in his argument.





[7] Although D.S.’s screen
name was not concealed at trial, given the nature of the case, on appeal we
will not use her screen name.





[8] Detective Goodman
testified that the only computer with Internet access at the North Richland
Hills home was located in D.S.’s father’s bedroom when Goodman visited the home
on August 8.  However, Goodman stated that the same computer with Internet
access was found in D.S.’s bedroom on the night of August 26, 2005, when the
police arrested appellant.