**Affirmed and Majority and Dissenting Opinions filed September 24, 2019.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-18-00504-CR

**MANUEL ESPINO-CRUZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 232nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1531630**

## M A J O R I T Y   O P I N I O N

A jury convicted appellant Manuel Espino-Cruz of possession with intent to deliver a controlled substance weighing more than 400 grams, and the trial court sentenced him to twenty years' confinement in the Texas Department of Criminal Justice, Institutional Division. In two issues, appellant challenges the evidentiary sufficiency to support his conviction. Appellant first contends the evidence is legally insufficient to support a finding that he possessed the controlled substance, heroin, because no evidence affirmatively links him to the heroin. Appellant also

argues that the evidence is legally insufficient to support the finding that appellant intended to deliver the heroin. Concluding the evidence is sufficient in both respects, we affirm the judgment.

## Background

A confidential source provided information about a drug trafficking organization to Houston Police Department ("HPD") Narcotics Officer Ariel Ferrer.[1] Ferrer arranged to purchase about 100 grams of heroin from the source's drug seller in a "small-scale" buy, which would serve as a precursor to a contemplated larger transaction. Ferrer conducted the small buy in his car with a man and a woman. Ferrer could not see the male's face clearly because he wore a surgical face mask and sat in the car's backseat. No one was arrested during this transaction because Ferrer planned to arrange a larger purchase. Ferrer asked the male about purchasing a larger quantity of heroin, and the individual told Ferrer to talk to his boss.

Working through the confidential source, Ferrer arranged to purchase seven pounds of black tar heroin. The confidential source scheduled the transaction. On the day of the sale, the source maintained contact with Ferrer to provide ongoing details. The source contacted the sellers and provided Ferrer with information about the sellers' vehicle, a Ford Fusion. Ferrer was conducting surveillance nearby and saw the Ford Fusion. He also saw the Fusion's two occupants, one of whom was appellant. Ferrer saw the occupants talking with the confidential source. After the confidential source made contact with the sellers, the source left

---

[1] Ferrer is an experienced narcotics investigator and a member of the High Intensity Drug Trafficking Area (HIDTA) program, a multi-agency task force consisting of local, federal, and state entities working to dismantle drug trafficking organizations at the highest level.

the scene in his car, and the sellers followed directly behind him in the Ford Fusion. Ferrer observed this activity from his location.

Ferrer provided a description of the sellers' vehicle to patrol units, which followed the Fusion for several blocks. When the driver of the Fusion failed to signal a lane change, HPD Officer Clifford Marshall stopped the Fusion. Marshall's partner approached the driver, while Marshall approached appellant, who occupied the front passenger seat. Appellant and the driver were detained, and Marshall's partner obtained the driver's consent to search the vehicle. When Marshall opened the trunk, he immediately smelled a strong odor of heroin. He found a large quantity of what he believed to be heroin in a brown bag inside the trunk of the car. Forensic analysis revealed the substance in the bag to be 3,482.63 grams of heroin.[2]

A grand jury charged appellant with possession with intent to deliver over 400 grams of a controlled substance, namely heroin. At appellant's trial, Ferrer, Marshall, and a chemist testified. The trial court instructed the jury that it could convict appellant of the charged offense either as a principal actor or under the law of parties. After hearing the evidence and argument of counsel, the jury convicted appellant. The trial court sentenced him to twenty years' confinement in the Texas Department of Criminal Justice, Institutional Division.

This appeal followed.

**Issues**

Appellant presents two issues for our review: (1) a challenge to the legal sufficiency of the evidence to support his conviction, and (2) a challenge to the trial court's denial of his motion for directed verdict. Both issues turn on the legal

---

[2] 3,482.63 grams is approximately 7.67 pounds.

sufficiency of the evidence to support a conviction. *See Gabriel v. State*, 290 S.W.3d 426, 435 (Tex. App.—Houston [14th Dist.] 2009, no pet.); *Lewis v. State*, 193 S.W.3d 137, 139-40 (Tex. App.—Houston [1st Dist.] 2006, no pet.). We address appellant's two issues together.

## A. Standard of Review

When reviewing the sufficiency of the evidence, we view all the evidence in the light most favorable to the verdict and determine whether a rational jury could have found the elements of the offense beyond a reasonable doubt. *See Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979)); *Jackson v. State*, 530 S.W.3d 738, 741 (Tex. App.—Houston [14th Dist.] 2017, no pet.). We consider all evidence in the trial record, whether it was admissible or inadmissible. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013). We also consider both direct and circumstantial evidence, as well as any reasonable inferences that may be drawn from the evidence. *See Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

Although we consider everything presented at trial, we do not re-evaluate the weight and credibility of the evidence or substitute our judgment for that of the fact finder. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Because the jury is the sole judge of the credibility of witnesses and of the weight given to their testimony, any conflicts or inconsistencies in the evidence are resolved in favor of the verdict. *Jackson*, 530 S.W.3d at 741-42 (citing *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000)).

## B. Governing Law

The State was required to prove appellant knowingly possessed with intent to deliver a controlled substance listed in penalty group I, which includes heroin.

*See* Tex. Health & Safety Code § 481.112(a), (e); *see also id.* § 481.102(2) (identifying heroin as a member of penalty group I). To support a defendant's conviction as a principal actor, the State had to prove the defendant "knowingly possessed" the contraband, which requires proof that the defendant (1) exercised "actual care, custody, control, or management" over the substance and (2) knew the substance was contraband. *See id.* § 481.002(38) (definition of possession); *Blackman v. State*, 350 S.W.3d 588, 594 (Tex. Crim. App. 2011); *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006). "Deliver" means to transfer, actually or constructively, to another a controlled substance, including an offer to sell a controlled substance. Tex. Health & Safety Code § 481.002(8). The State need not show exclusive possession of the contraband to support conviction as a principal actor. *Robinson v. State*, 174 S.W.3d 320, 325 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd). Control over the contraband may be exercised by more than one person. *Id.*

To prove possession of a controlled substance as a party, the State must show (1) that another possessed the contraband and (2) the defendant, with the intent that the offense be committed, solicited, encouraged, directed, aided, or attempted to aid the other's possession. *Id.* at 324-25; *see also* Tex. Penal Code § 7.02(a)(2); *Vela v. State*, No. 14-16-00786-CR, 2018 WL 1004699, at *3-4 (Tex. App.—Houston [14th Dist.] Feb. 22, 2018, pet. ref'd) (mem. op., not designated for publication). To determine whether the defendant participated as a party, courts may look to events occurring before, during, and after the commission of the offense, and may rely on the defendant's actions that show an understanding or common design to commit the offense. *Vela*, 2018 WL 1004699, at *4 (citing *Ransom v. State*, 920 S.W.2d 288, 302 (Tex. Crim. App. 1994)). Mere presence or knowledge of an offense does not make one a party to possession; instead, the

evidence must show that at the time of the offense, the parties were acting together, each contributing some part towards the execution of their common purpose. *Id.*

Appellant argues that the evidence shows nothing more than his presence as a passenger in a car whose driver was involved in a drug transaction, and that no evidence exists proving that he intended to deliver the contraband. Therefore, his conviction as a principal actor is improper. Further, he argues his conviction is improper under the law of parties because there is no evidence that appellant solicited, encouraged, directed, aided, or attempted to aid the driver in possessing the heroin. The State responds that legally sufficient evidence exists to support appellant's conviction either as a principal actor or as a party.

## C. Possession

We first examine whether the evidence is legally sufficient to support appellant's conviction as a principal actor. The State had to prove that appellant knowingly possessed the heroin, i.e., that he exercised actual care, custody, control, or management over the heroin and knew it was contraband.

Because appellant was not in exclusive possession of the place where the controlled substance was found, we cannot conclude that appellant had knowledge of and control over the contraband unless the State establishes an "affirmative link" between the accused and the contraband. *See Poindexter v. State*, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005), *overruled in part on other grounds by Robinson v. State*, 466 S.W.3d 166, 173 & n.32 (Tex. Crim. App. 2015); *Robinson*, 174 S.W.3d at 325. A link "generates a reasonable inference that the accused knew of the contraband's existence and exercised control over it." *Olivarez v. State*, 171 S.W.3d 283, 291 (Tex. App.—Houston [14th Dist.] 2005, no pet.). The elements of possession may be proven through direct or circumstantial evidence, although the evidence must establish that the accused's connection with the

6

substance was more than fortuitous. *Evans*, 202 S.W.3d at 161-62; *Poindexter*, 153 S.W.3d at 405-06.

The Court of Criminal Appeals has recognized the following non-exclusive factors as tending to establish affirmative links: (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the contraband; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt. *See Evans*, 202 S.W.3d at 162 n.12; *Black v. State*, 411 S.W.3d 25, 29 (Tex. App.–Houston [14th Dist.] 2013, no pet.). Further, the presence of a large quantity of contraband may be a factor affirmatively linking an appellant to the contraband. *See Olivarez*, 171 S.W.3d at 291-92.

The number of factors is not as important as the logical force they collectively create to prove that a crime has been committed. *Robinson*, 174 S.W.3d at 326; *Evans*, 202 S.W.3d at 162. Moreover, the absence of various links does not constitute evidence of innocence to be weighed against the affirmative links present. *See Wiley v. State*, 388 S.W.3d 807, 814 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd); *see also Flores v. State*, 440 S.W.3d 180, 189 (Tex. App.—

Houston [14th Dist.] 2013), *judgment vacated on other grounds*, 427 S.W.3d 399 (Tex. Crim. App. 2014).

We examine each case on its own facts. *Hurtado v. State*, 881 S.W.2d 738, 743 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd). A factor tending to establish sufficiency in one set of facts may be of little value in another set of facts.

The evidence tends to support several affirmative links between appellant and the heroin. Appellant was riding in the Fusion's front passenger seat when the car was stopped; therefore appellant was present when officers conducted the search and found the heroin. The drugs were found in the trunk of the car, which is an enclosed space. *See Robinson*, 174 S.W.3d at 327; *Vela*, 2018 WL 1004699, at *5. Although the heroin was not within appellant's physical reach while he was seated in the front passenger seat, the contraband was conveniently accessible within the vehicle.[3] Officer Marshall testified that an officer popped the trunk latch from inside the car, from which a rational juror could infer that appellant would have been able to access the drugs without a key.

The large amount of heroin discovered in this case also links appellant to the offense. *See, e.g.*, *Robinson*, 174 S.W.3d at 328-29; *Olivarez*, 171 S.W.3d at 292; *Roberson v. State*, 80 S.W.3d 730, 740 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd) (explaining that amount is factor to be considered in determining if an affirmative link exists; persuasive weight of this factor increases as the amount of drugs increases); *Villegas v. State*, 871 S.W.2d 894, 896 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd). Nearly four kilograms, or about seven and one-half pounds, of heroin is undeniably a large amount of heroin. Such a large amount strongly links appellant to the drugs. *Cf. Robinson*, 174 S.W.3d at 328-29 (two

---

[3] *See Robinson*, 174 S.W.3d at 326 ("conveniently accessible" means that the contraband must be within close vicinity of the accused and easily accessible while in the vehicle).

kilograms of cocaine found in trunk of vehicle strongly linked appellant to contraband); *Vela*, 2018 WL 1004699, at *6 (eight kilograms of cocaine affirmatively linked appellant to drugs; jury reasonably could have found that co-defendant would not bring an innocent bystander to a large-scale narcotics transaction).

Additionally, appellant was found in a suspicious place under suspicious circumstances. He accompanied the driver of the Ford Fusion to a pre-arranged location at an agreed-upon date to sell a pre-discussed amount of heroin—an amount of heroin that corresponds with the amount found in the trunk of the car. Ferrer testified that routinely more than one person is present during a large quantity drug sale for protection or back-up in case something goes wrong. Ferrer explained that, based on his experience, when two people arrive on a scene with four kilograms of drugs, both of them would have knowledge of "what was going on." *See, e.g.*, *Blackman v. State*, 350 S.W.3d 588, 595-96 (Tex. Crim. App. 2011) ("A jury could reasonably find that [co-defendant] would not bring two innocent-bystander witnesses hundreds of miles to a large-scale narcotics transaction. A jury could also reasonably rely on the opinion of an experienced narcotics investigator that appellant and the other two men acted like narcotics traffickers."); *Vela*, 2018 WL 1004699, at *6 (jury reasonably could have inferred from officer's testimony and defendant's actions that defendant served as security or lookout for drug sale).

The jury could infer that appellant's conduct indicated consciousness of guilt. Ferrer saw the occupants of the seller vehicle talking to the confidential source. Ferrer testified that he was communicating with the confidential source to instruct him on giving information to the drug sellers. According to Ferrer, "[e]very time they would be talking back and forth, he will call me and inform me

9

that—what they had said. And that date, we were arranging to have them arrive at that location." And appellant was found with a phone in his hand when he was detained. From this evidence, a juror reasonably could infer that both appellant and the driver of the vehicle were communicating with the confidential source about the drug deal.

As appellant points out, evidence pertaining to several affirmative links were either not present or not discussed at trial. But the State is not required to establish all possible affirmative links or present evidence on each factor, and the absence of some factors is not evidence of innocence that must be weighed against the other factors present. *See Flores*, 440 S.W.3d at 189; *Wiley*, 388 S.W.3d at 814. Rather, it is the logical force of all the evidence, direct and circumstantial, that is dispositive. *Evans*, 202 S.W.3d at 162. We conclude that the logical force of all the evidence here supports the jury's finding that appellant possessed the heroin.

## D. Intent to Deliver

Appellant also states in his brief that there is insufficient evidence that he intended to deliver the heroin. We construe this statement as a legal sufficiency challenge.[4] We conclude the evidence is sufficient to show the intent-to-deliver element of the offense. Intent to deliver contraband may be proved by circumstantial evidence, including evidence that the accused possessed the contraband and the quantity of the drugs possessed. *Moreno v. State*, 195 S.W.3d 321, 325 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd). An oral expression of intent by the defendant is not required. *Id.* at 326. Instead, intent can be

---

[4] Because appellant offers no argument or authority in support of his claim, we would be justified in considering this portion of his challenge waived due to inadequate briefing. *See* Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *Swearingen v. State*, 101 S.W.3d 89, 100 (Tex. Crim. App. 2003). We have nonetheless reviewed the record and will consider the argument.

10

inferred from the acts, words, and conduct of the defendant. *Id.* Factors that a reviewing court may consider in determining intent to deliver include (1) the nature of the location at which the defendant was arrested, (2) the quantity of the contraband in the defendant's possession, (3) the manner of the packaging of the contraband, (4) the presence of or lack of narcotics paraphernalia for either use or sale, (5) large amounts of cash, or (6) the defendant's status as a narcotics user. *Id.* at 325. As with the affirmative links analysis, the quantity of the factors is not as important as the logical force the factors have in establishing the elements of the offense. *Id.* at 326. Finally, expert testimony by experienced law enforcement officers may be used to establish a defendant's intent to deliver. *Id.*

As discussed *supra*, the amount of heroin found was significant and of a quantity inconsistent with personal use. *See id.* at 326 (49.4 grams of heroin consistent with distribution, rather than personal use). Further, the packaging inside the brown bag of heroin included Ziploc bags, and there was no personal-use drug paraphernalia present in the car. Finally, the heroin matched the amount that Ferrer had discussed purchasing.

Considering this evidence in the light most favorable to the verdict, a rational trier of fact could have found the intent-to-deliver element beyond a reasonable doubt. *See id.*; *see also Jordan v. State*, 139 S.W.3d 723, 726 (Tex. App.—Fort Worth 2004, no pet.) (evidence showed intent to deliver where (1) accused was arrested in a high-crime area where "drug houses" were located, (2) accused did not possess any drug paraphernalia indicating an intent to use, (3) two officers testified that packaging of the drugs, in capsule form and in individual bags, indicated an intent to sell, and (4) an experienced narcotics officer testified that the amount of narcotics in accused's possession indicated an intent to sell); *Misner v. State*, No. 04-03-00323-CR, 2004 WL 730838, at *3 (Tex. App.—

11

San Antonio Apr. 7, 2004, pet. ref'd) (mem. op., not designated for publication) (sufficient evidence showed intent to deliver where officer testified that amount of heroin (over four grams) was consistent with a person intending to package and sell, and the record showed that heroin was divided into two separate containers).

\*　　\*　　\*

For the foregoing reasons, we conclude that the evidence is sufficient to support appellant's conviction for possession with intent to deliver. Accordingly, we overrule his challenges to the legal-sufficiency of the evidence.

## Conclusion

Having overruled appellant's issues, we affirm the trial court's judgment.


/s/　　Kevin Jewell
　　　　Justice

Panel consists of Justices Wise, Jewell, and Hassan (Hassan, J., dissenting).
Publish — Tex. R. App. P. 47.2(b).

12