*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*


# OPINION

No. 04-08-00913-CR

Cooper **BAGHERI**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 9, Bexar County, Texas
Trial Court No. 950565
Honorable Laura Salinas, Judge Presiding

Opinion by:    Phylis J. Speedlin, Justice

Sitting:    Catherine Stone, Chief Justice
Phylis J. Speedlin, Justice
Marialyn Barnard, Justice

Delivered and Filed:    May 12, 2010

AFFIRMED

Cooper Bagheri appeals from his conviction for driving while intoxicated, asserting the trial court erred in denying his request for a limiting instruction as to the breath test results and erred in ruling on two challenges for cause during voir dire. We affirm the judgment of the trial court.

FACTUAL AND PROCEDURAL BACKGROUND

Bagheri was arrested for driving while intoxicated in the early morning on January 1, 2006. The vehicle Bagheri was driving went through a line of flares set up in front of a major accident being investigated by police, and struck one of the police cars parked in the street. Bagheri failed to stop and continued driving; he was stopped by other officers down the road. An officer questioned Bagheri, and then handcuffed him and instructed him to wait on the side of the road until the investigation of the major accident was completed. Bagheri was detained at 1:30 am. Some time later, Officer Mooney conducted the standard field sobriety tests on Bagheri, which caused Mooney to conclude that Bagheri was intoxicated. An intoxilyzer test was conducted on Bagheri at 3:17 a.m. and 3:19 a.m. on January 1, 2006; the test results showed a blood alcohol content (BAC) of 0.163 and 0.146 which is approximately twice the legal limit of 0.08. Bagheri was charged by information with driving while intoxicated based on the loss of normal use of his mental and physical faculties by reason of introduction of alcohol (Paragraph A), and having an alcohol concentration of 0.08 or more in his body (Paragraph B).

At trial, in addition to testimony by the investigating officers, the breath test results were admitted into evidence through the expert testimony of George Allen McDougall, the Breath Test Technical Supervisor for Bexar County, Texas. McDougall testified he did not know any of the individual factors about Bagheri necessary in order to extrapolate and give a BAC at the time of driving.[1] Over objection, McDougall testified generally about the rates of alcohol absorption and

---

[1] *See Mata v. State*, 46 S.W.3d 902, 908-09 (Tex. Crim. App. 2001) (explaining that retrograde extrapolation is "the computation back in time of the blood-alcohol level–that is, the estimation of the level at the time of driving based on a test result from some later time."). In *Mata*, the court made clear that any retrograde extrapolation testimony was not reliable unless it was based on sufficient characteristics of the particular defendant. *Id.* at 916-17.

elimination over time based on population studies. McDougall also testified that the BAC readings obtained from the breath test show that Bagheri consumed a "substantial amount" of alcohol before the samples were taken. The court instructed the jury that it could find Bagheri guilty if it found beyond a reasonable doubt that he had driven or operated a motor vehicle while "intoxicated," meaning either he did not have the normal use of his mental and physical faculties due to alcohol ingestion (impairment definition), or he had an alcohol concentration of 0.08 or more in his body (per se definition). The jury found Bagheri guilty. The court sentenced Bagheri to six months in jail plus a $2,000 fine, but suspended the sentence and placed Bagheri on community supervision for 18 months. Bagheri timely appealed.

### ANALYSIS

***Limiting Instruction.*** In his first issue, Bagheri argues the trial court erred in refusing his request for a jury instruction limiting the relevance of the breath test results to the issue of whether Bagheri had consumed alcohol before the test, and not as to whether he had a BAC in excess of 0.08 at the time he was driving. Bagheri asserts that, in the absence of retrograde extrapolation testimony, the test results were relevant only to the impairment definition of intoxication and were not relevant to the per se definition of intoxication, *i.e.*, a BAC of 0.08 or more. Bagheri challenges only the admission of the breath test results without a limiting instruction; he does not challenge any aspect of McDougall's testimony on appeal. The State responds that Bagheri's requested instruction was not a correct statement of the law, and therefore the court did not err in denying it.

When the State offered the breath test results into evidence, Bagheri objected that the test results were not relevant to the allegation in Paragraph B of the information that Bagheri had a BAC of 0.08 or more while he was driving the vehicle; he argued that if the results were admitted, they

should be limited to the issue of loss of normal use of Bagheri's faculties to demonstrate he had consumed alcohol, and not "to prov[e] an actual alcohol concentration. . . ." The State replied that Bagheri's objection went to the weight of the evidence, not its admissibility. The court overruled Bagheri's objection and admitted the breath test results without limitation. At the charge conference, Bagheri requested the following limiting instruction with respect to the breath test results:

> During the course of the trial evidence of certain breath test results were admitted. The tests are relevant only for the limited purpose of demonstrating that the appellant had consumed alcohol at some time before the tests were administered.

The court denied the instruction. Because Bagheri preserved error by objecting and requesting the limiting instruction, we review the trial court's ruling denying the instruction to determine whether it was error and, if so, whether the error caused "some harm" to Bagheri. *Mann v. State*, 964 S.W.2d 639, 641 (Tex. Crim. App. 1998).

We agree with the State that the limiting instruction requested by Bagheri is not a correct statement of the law; therefore, it was not error to deny the instruction. As Bagheri concedes in his brief, the Court of Criminal Appeals has rejected the argument that breath test results are irrelevant under the per se definition of intoxication in the absence of retrograde extrapolation evidence. *See Stewart v. State*, 129 S.W.3d 93, 96-97 (Tex. Crim. App. 2004) (holding that, even without retrograde extrapolation testimony, breath test results obtained 80 minutes after stop were relevant under both definitions of intoxication because they provided evidence that defendant had consumed alcohol and thus tended to make it more probable she was intoxicated while driving).[2] In *Stewart*, the Court characterized breath test results without retrograde extrapolation as simply one of the

---

[2] The limiting instruction requested by Bagheri tracks the language used in the dissenting opinion in *Stewart*, 129 S.W.3d at 99.

"pieces in the evidentiary puzzle for the jury to consider in determining whether [the defendant] was intoxicated at the time [he] drove." *Id.* at 97. Further, the Court noted that admission of breath test results without extrapolation evidence does not necessarily encourage the jury to engage in "its own crude retrograde extrapolation" because it is not necessary for the jury to determine the defendant's precise BAC at the time he was driving–the jury only needs to find beyond a reasonable doubt that either the defendant's faculties were impaired or his BAC was 0.08 or more when he was driving. *See id.*

In addition, the Court addressed the probative value of breath test results without extrapolation testimony in *State v. Mechler*, holding that the prejudice arising from admission of breath test results obtained 90 minutes after the defendant's arrest did not outweigh the probative value of the test results under Texas Rule of Evidence 403. *State v. Mechler*, 153 S.W.3d 435, 440-41 (Tex. Crim. App. 2005). The Court recognized that "the intoxilyzer results are undoubtedly prejudicial to [the defendant], but they are not unfairly prejudicial because this evidence relates directly to the charged offense." *Id.* The Court expressly stated that the breath test results, without accompanying retrograde extrapolation evidence, were relevant and probative as to both the per se and impairment definitions of intoxication. *Id.* at 440 (test results indicated defendant had consumed alcohol and thus tended to make it more probable that he was intoxicated at time of driving under both per se and impairment definitions of intoxication).

Bagheri argues that, despite *Stewart* and *Mechler*, the particular facts of this case justified a limiting instruction on the breath test results to protect Bagheri from unfair prejudice and confusion of the issues created by the absence of retrograde extrapolation testimony plus "confusing and questionable" testimony about population studies unconnected to the defendant and the prosecution's

"misrepresentation" of the time span between the stop and the breath test. Bagheri relies on language in *Gigliobianco v. State*, in which the Court explained there may be a case in which the trial court could reasonably conclude the probative value of breath test results are substantially outweighed by the danger of unfair prejudice or confusion of the issues–but held that this was not such a case. *Gigliobianco v. State*, 210 S.W.3d 637, 642-43 (Tex. Crim. App. 2006) (holding that BAC test results obtained 75 minutes after driving had considerable probative value in proving both per se and impairment intoxication at the time of driving). Bagheri acknowledges that *Gigliobianco* was decided "on its own limited facts." *See id.* In his brief, Bagheri argues merely that giving the requested limiting instruction "would not necessarily conflict with existing authority."

In a case decided after briefing was complete in this appeal, the Court of Criminal Appeals settled the issue by holding that a jury instruction that stated breath test results could be considered only for "the limited purpose of showing that the individual who was tested had ingested alcohol only at some point before the time of the test" was an improper comment on the weight of the evidence. *Kirsch v. State*, No. PD-0379-09, 2010 WL 447437, at *6 (Tex. Crim. App. Feb. 10, 2010). In holding the instruction was error, the Court emphasized that no Texas statute, rule of evidence, or judicial precedent limits the jury's consideration of an otherwise admissible breath test result. *Id.* In discussing the import of *Stewart*, *Mechler* and *Gigliobianco*, the Court explained that, "The purport of these decisions, taken together, is that BAC-test results, even absent expert retrograde extrapolation testimony, are often highly probative to prove both per se and impairment intoxication." *Id.* at *4. Finally, the Court noted that a BAC result is not sufficient by itself to prove the defendant was driving while intoxicated according to the per se definition; in the absence of retrograde extrapolation testimony, there must be other evidence in the record to support an inference

that the defendant was intoxicated at the time of driving as well as at the time of the breath test. *Id. at* *4-5. Here, although there was no retrograde extrapolation evidence, the jury had other evidence of Bagheri's intoxication to consider along with the breath test results, including the officers's testimony about Bagheri's driving and striking a police car before he was stopped, his disheveled appearance, bloodshot eyes, smell of alcohol, slow speech, and unstable stance when he stepped out of the vehicle, the results of his field sobriety tests, and Bagheri's statement at the scene that he hit the police car because "it was in the way."

We conclude that under *Stewart*, *Mechler*, and *Kirsch*, the breath test results were properly admitted without an instruction limiting their relevance solely to the impairment definition of intoxication. Accordingly, we overrule Bagheri's first issue.

***Challenges for Cause.*** In his second and third issues, Bagheri contends the trial court erred in ruling on two challenges for cause to potential jurors during voir dire in violation of article 35.16 of the Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 35.16 (Vernon 2006). Specifically, Bagheri asserts the court erred in denying his challenge for cause to venire member no. 13, Candace Martinez, because she showed a bias against the defense by making the statement that if a person was arrested for DWI then they must be guilty. *See* TEX. CODE CRIM. PROC. ANN. art. 35.16(c)(2) (venire member may be challenged for cause by defendant if he or she has a bias or prejudice against the law upon which the defense is entitled to rely). In addition, Bagheri argues the court erred in granting the State's challenge for cause to venire member no. 5, Alexis Mata, based on her statement that she does not judge people and would be unable to reach a verdict. *See* TEX. CODE CRIM. PROC. ANN. art. 35.16(b)(3) (State may challenge venire member for cause if he or she has a bias or prejudice against the law upon which the State is entitled to rely for conviction or

punishment). Bagheri asserts he was harmed by both rulings because an objectionable venire member, no. 4, Carolyn McCannon, ended up on the jury.

When reviewing a trial court's decision to grant or deny a challenge for cause based on bias or prejudice, we look at the entire record to determine if there is sufficient evidence to support the ruling. *Feldman v. State*, 71 S.W.3d 738, 744 (Tex. Crim. App. 2002); *Stewart v. State*, 162 S.W.3d 269, 280 (Tex. App.—San Antonio 2005, pet. ref'd). The test is whether the venireperson's bias or prejudice would substantially impair their ability to carry out their oath and follow the court's instructions in accordance with the law. *Feldman*, 71 S.W.3d at 743-45. Before a venire member may be excused for cause on the basis of bias or prejudice, the law must be explained and she must be asked whether she can follow the law regardless of her personal views. *Id.* To establish that a challenge is proper, the proponent of the challenge must show the veniremember understood the law and could not overcome her prejudice enough to follow the law. *Id.* When the record shows the venireperson vacillated on her ability to follow the law, we must defer to the trial court. *Moore v. State*, 999 S.W.2d 385, 400 (Tex. Crim. App. 1999); *Brown v. State*, 913 S.W.2d 577, 580 (Tex. Crim. App. 1996).

Turning to Bagheri's issue complaining of the denial of his challenge for cause to venire member no. 13, Candace Martinez, it appears Bagheri failed to preserve the issue. To preserve error on the denial of his challenge for cause, Bagheri must show on the record that: (1) he asserted a clear and specific challenge for cause to that venire member; (2) he used a peremptory challenge on the complained-of venire member; (3) he exhausted all his peremptory challenges; (4) his request for additional peremptory strikes was denied; and (5) an objectionable juror sat on the jury. *Feldman*, 71 S.W.3d at 744; *Stewart*, 162 S.W.3d at 280. The record shows Bagheri did not use a peremptory

strike on Martinez, and she ended up sitting on the jury. Bagheri therefore cannot show he was harmed by being forced to use a peremptory strike to remove Martinez and then suffering a detriment from the loss of the strike. *Feldman*, 71 S.W.3d at 743-45; *Sells v. State*, 121 S.W.3d 748, 758 (Tex. Crim. App. 2003). Even if the issue was preserved, the record does not show the trial court abused its discretion in denying the defense challenge for cause on Martinez. *Stewart*, 162 S.W.3d at 280 (abuse of discretion standard). Although Martinez initially stated she would automatically assume someone who was arrested for D.W.I. was guilty, she was rehabilitated during individual voir dire when the State explained there are different standards for an arrest and a conviction. After hearing the explanation of the law, Martinez stated she would require the State to meet the higher burden of proof beyond a reasonable doubt in order to find Bagheri guilty, and if it failed to meet that higher burden she could then find Bagheri not guilty. Martinez indicated she understood the law, and stated she could follow it; therefore, the trial court did not abuse its discretion in denying Bagheri's challenge for cause to Martinez. *See Adanandus v. State*, 866 S.W.2d 210, 222 (Tex. Crim. App. 1993) (if venireperson ultimately states he can follow court's instructions and render a verdict according to the evidence, the venireperson is not challengeable for cause, even if he originally equivocated on his answers).

Finally, Bagheri complains the trial court abused its discretion in granting the State's challenge for cause to venire member no. 5, Alexis Mata. Specifically, Bagheri argues the State failed to meet its burden on the challenge for cause because it did not ask Mata any questions during individual voir dire. As noted, we look at the entire record to determine if there is sufficient evidence to support the court's ruling. *Feldman*, 71 S.W.3d at 744. In reviewing a decision to sustain a challenge for cause, we consider whether the totality of the voir dire testimony supports the

trial court's implied finding of fact that the prospective juror is unable to take the required oath and follow the law as instructed by the court. *Kemp v. State*, 846 S.W.2d 289, 391 (Tex. Crim. App. 1992). We must also be mindful of the trial judge's unique position in observing the demeanor of the venireperson, and grant great deference to the trial court's determination. *Id.* An appellant who complains of an erroneously excluded veniremember must demonstrate that either: (1) the trial court applied the wrong legal standard in granting the challenge for cause; or (2) the court abused its discretion in applying the correct legal standard. *Kemp*, 846 S.W.2d at 296.

The State may challenge for cause any venireperson who "has a bias or prejudice against any phase of the law upon which the State is entitled to rely for conviction or punishment." TEX. CODE CRIM. PROC. ANN. art. 35.16(b)(3). A venireperson who is unable to enter a finding of guilt warrants sustaining a challenge for cause. *Roy v. State*, 891 S.W.2d 315, 326 (Tex. App.—Fort Worth 1994, no pet.). A prospective juror who would ultimately be guided by his or her personal beliefs rather than by the law is unqualified to sit as a juror. *Castillo v. State,* 739 S.W.2d 280, 296 (Tex. Crim. App. 1987). Here, venire member no. 5 unequivocally stated her personal feeling that, "I don't like judging people" and "I've never judged anybody in my life." She explained that she "can't help but put myself in their position." When asked by defense counsel, "You don't think you can reach a verdict?" Mata answered, "No, I can't." Based on the unambiguous voir dire testimony, we hold the trial court applied the law correctly and did not abuse its discretion in sustaining the State's challenge for cause to Mata.

Based on the foregoing reasons, we overrule all of Bagheri's issues on appeal, and affirm the trial court's judgment.

Phylis J. Speedlin, Justice

PUBLISH