# NO. 12-10-00157-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *EFREN LEON GARCIA,* *APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW #2* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

This is a DWI case.  In two issues, Appellant, Efren Leon Garcia, contends the evidence is insufficient to support his conviction and that the trial court reversibly erred in allowing testimony from the arresting officer regarding the horizontal gaze nystagmus test although the officer conceded that he incorrectly administered the test.  We affirm.

### BACKGROUND

On February 27, 2008, Officer James Graham of the Athens Police Department stopped a truck driven by Appellant on North Prairieville Street in Athens, Texas.  Officer Graham had observed Appellant disregard a stop sign and almost collide with Graham's patrol car.  Graham activated the overhead lights on his patrol car.  Appellant pulled to the side of the road almost striking two vehicles parked beside the roadway.  Appellant was unable to locate his wallet until Graham assisted him.  Graham asked that a Spanish speaking officer be sent to the scene. Graham told the jury that Appellant's speech was slurred, although he conceded Appellant spoke with a thick accent.

Graham testified that he smelled an alcoholic beverage odor coming from the vehicle. When asked to step to the rear of the truck, Appellant leaned against the truck for balance.  Then

Graham started to administer common field sobriety tests beginning with the horizontal gaze nystagmus (HGN) test. However, Graham conceded that he had administered the test incorrectly. Graham then attempted to administer the walk and turn test but stopped the test when Appellant stumbled and almost fell. Graham testified that he did not even attempt to give Appellant the one leg stand test because of Appellant's inability to stand on his own two feet. Appellant refused a breath test.

INSUFFICIENCY OF THE EVIDENCE

In his first issue, Appellant maintains the evidence of guilt is insufficient to sustain his conviction. When Officer Graham was asked if he could determine whether Appellant was intoxicated, he answered, "no." Appellant argues that Graham thereby acknowledged "a greater than reasonable doubt as to an essential fact." He further argues that Graham's description of Appellant's unsteady condition is not consistent with Appellant's appearance on the patrol car videotape of the stop. In Appellant's view, there was no justification for Graham's failure to give Appellant two other field sobriety tests. Graham admitted that the only field sobriety test that Appellant completed was given improperly.

**Standard of Review and Applicable Law**

In reviewing the sufficiency of the evidence, the appellate court must determine whether considering all of the evidence in the light most favorable to the verdict, the jury was rationally justified in finding guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Considering the evidence "in the light most favorable to the verdict" under this standard requires the reviewing court to defer to the jury's credibility and weight determinations, because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789; *Brooks*, 323 S.W.3d at 899. Each fact need not point directly and independently to the guilt of the appellant if the cumulative force of all incriminating circumstances is sufficient to support the conviction. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). "[A] . . . court faced with a record of historical facts that supports conflicting inferences must presume—even if does not affirmatively appear in the record—that the trier of facts resolved any such conflicts in favor of the prosecution. . . ."

2

*Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793.

In order to convict a defendant of driving while intoxicated, the state must prove that (1) the defendant (2) operated (3) a motor vehicle (4) while intoxicated (5) in a public place. TEX. PENAL CODE ANN. § 49.04(a) (Vernon 2003). "Intoxicated" means "(A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body; or (B) having an alcohol concentration of 0.08 or more." TEX. PENAL CODE ANN. § 49.01(1)(A), (B) (Vernon 2003). A jury's conclusion that a person was intoxicated may be based upon evidence of the defendant's (1) bad driving, (2) unusual actions, (3) sound of speech, (4) appearance, (5) smell of alcohol, and (6) unsteadiness. *See Bagheri v. State*, 329 S.W.3d 23, 27–28 (Tex. App.–San Antonio 2010, pet. ref'd).

## Discussion

Appellant argues that Officer Graham's testimony that he could not determine if Appellant was intoxicated amounted to an acknowledgement by the State's only witness that he had "a greater than reasonable doubt as to an essential fact" in the case. When considered in the context of the preceding testimony regarding Appellant's refusal to take a breath test, Officer Graham's testimony indicates that he regarded a "determination" of intoxication to require a breath or blood specimen showing .08 blood alcohol concentration. Appellant's refusal prevented such a determination. On at least two occasions, Officer Graham testified that he "felt" Appellant was intoxicated. If a conflict exists in the officer's testimony, we must defer to the jury's resolution of the conflict. *Brooks*, 323 S.W.3d at 899. Appellant argues an inconsistency exists in Officer Graham's testimony that Appellant spoke with a thick accent and his description of Appellant's speech as slurred. The record shows that Officer Graham told the jury that he could distinguish between slurred speech and a thick accent. Nor do we perceive any important conflict between the officer's testimony and the patrol car videotape. Appellant plainly failed the walk and turn test. Officer Graham testified that it would have made no sense to administer the one leg stand test when Appellant had just demonstrated limited ability to stand on two legs.

Appellant's counsel's relentless cross examination demolished the evidentiary value of the HGN test results as well as effectively exposed other shortcomings in Officer Graham's

investigation.  However, "[i]t is not necessary that every fact point directly and independently to the defendant's guilt; it is enough if the conclusion is warranted by the combined and cumulative force of all the incriminating circumstances." ***Hooper v. State***, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (quoting ***Johnson v. State***, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993)).

There is abundant evidence in the record on which the jury could have reasonably relied to find Appellant guilty, including evidence of his poor driving before and during the stop, his inability to find his wallet without Officer Graham's assistance, his slurred speech, and the odor of an alcoholic beverage emanating from his truck.  Appellant clearly failed the walk and turn test.  The jury was also entitled to consider Appellant's admission that he had "at least four" drinks, and his refusal to provide a breath specimen.  We conclude the cumulative force of all the incriminating evidence sufficient to support Appellant's conviction when considered in the light most favorable to the verdict.  Appellant's first issue is overruled.

### ADMISSIBILITY OF OFFICER GRAHAM'S TESTIMONY

In his second issue, Appellant complains the trial court erred in allowing Officer Graham to testify "regarding a purported horizontal gaze nystagmus field sobriety test."

Prior to the reading of the information, Appellant's counsel reurged the defense's motion in limine.  The motion asked the trial court to exclude all references to or results of field sobriety tests unless it was shown that the tests were properly administered by a qualified person.  During the first trial of this case, the trial court had granted a mistrial because of the State's violation of an unrelated motion in limine.  In reurging his motion, Appellant's counsel summarized Officer Graham's testimony in the first trial regarding the HGN test, testimony that he argued indicated that Graham was unqualified to administer the test and had improperly administered it to Appellant.  The trial court denied Appellant's motion.

Appellant did not object when Officer Graham testified at length regarding his administration of the HGN test.  Instead, he conducted a persistent cross examination regarding the way the officer had tested Appellant, eventually forcing Graham's admission that he had not given the test properly.

On appeal, Appellant contends the presentation of the motion in limine was, in effect, a Rule 705 hearing "directed to the underlying facts or data upon which the opinion [Officer

4

Graham's] is based."

The State insists that Appellant's failure to object to Officer Graham's testimony waived any error in admitting the testimony.

**Standard of Review**

A trial court's decision to admit or exclude evidence is reviewed for abuse of discretion. ***Davis v. State***, 329 S.W.3d 798, 802 (Tex. Crim. App. 2010). To obtain reversal of a judgment based on error in the admission or exclusion of evidence, an appellant must show the trial court's ruling was error and that the error affected a substantive right of the defendant. TEX. R. EVID. 103(a).

**Applicable Law**

A motion in limine normally preserves nothing for review. ***Fuller v. State***, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008); ***Webb v. State***, 760 S.W.2d 263, 275 (Tex. Crim. App. 1988). "For error to be preserved with regard to the subject of a motion in limine, an objection must be made at the time the subject is raised during trial." ***Fuller***, 253 S.W.3d at 232.

"When the court hears objections to offered evidence out of the presence of the jury and rules that such evidence be admitted, such objections shall be deemed to apply to such evidence when it is admitted before the jury without the necessity of repeating those objections." TEX. R. EVID. 103(a)(1); ***Ethington v. State***, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991). An objection must be made unless the complaining party obtains a running objection or obtains a ruling on his complaint in a hearing outside the presence of the jury. ***Lopez v. State***, 253 S.W.3d 680, 684 (Tex. Crim. App. 2008).

Out of the presence of the jury and before the reading of the information, Appellant's counsel stated, "Your Honor, at this time, we would reurge our—the defense motion in limine in regard to the horizontal gaze nystagmus test." The trial court heard no testimony during the short hearing. Appellant summarized for the court Officer Graham's testimony from the first trial, which counsel argued demonstrated that the HGN test given Appellant was incorrectly administered and Graham unqualified to give it. The trial court denied Appellant's motion. Appellant thereafter raised no objection to Officer Graham's testimony regarding the HGN test. Instead, Appellant's counsel effectively cross examined Officer Graham, eventually eliciting his admission that the test, as given, was not valid. Appellant did not ask the court to strike Officer

5

Graham's testimony regarding the results of the HGN test. By failing to continue to object to Graham's testimony regarding the HGN test, Appellant waived error, if any, in admitting the testimony.

Appellant insists, however, that the testimony of Officer Graham in the first trial was, in effect, a hearing outside the presence of the jury under Rule 705, Texas Rules of Evidence. Rule 705 provides that prior to an expert giving the expert's opinion or disclosing the underlying facts or data, a party against whom the opinion is offered shall be permitted to conduct a voir dire examination out of the hearing of the jury directed to the underlying facts or data upon which the opinion is based. Appellant made no request to conduct a voir dire examination of Officer Graham prior to his testimony. Appellant implies that his counsel's summary of Officer Graham's testimony in the first trial was an adequate substitute for a voir dire examination in the second. Appellant made no such assertion in the trial court. Appellant simply "reurged . . . the defense motion in limine." Appellant's contention is without merit. Appellant's failure to object to the HGN test evidence when offered waived error, if any. Appellant's second issue is overruled.

## DISPOSITION

Having overruled Appellant's first and second issues, we *affirm* the trial court's judgment.

**BILL BASS**
Justice

Opinion delivered March 31, 2011.
*Panel consisted of Griffith, J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)