MARY'S OPINION HEADING 








NO. 12-10-00157-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

EFREN LEON
GARCIA,                            §                      APPEAL FROM THE

APPELLANT

 

V.                                                                    §                      COUNTY
COURT AT LAW #2

 

THE
STATE OF TEXAS,

APPELLEE                                                   §                      HENDERSON
COUNTY, TEXAS

                                                                                                                                                          


MEMORANDUM
OPINION

            This
is a DWI case.  In two issues, Appellant, Efren Leon Garcia, contends the evidence
is insufficient to support his conviction and that the trial court reversibly
erred in allowing testimony from the arresting officer regarding the horizontal
gaze nystagmus test although the officer conceded that he incorrectly
administered the test.  We affirm.

 

Background

            On
February 27, 2008, Officer James Graham of the Athens Police Department stopped
a truck driven by Appellant on North Prairieville Street in Athens, Texas. 
Officer Graham had observed Appellant disregard a stop sign and almost collide
with Graham’s patrol car.  Graham activated the overhead lights on his patrol
car.  Appellant pulled to the side of the road almost striking two vehicles
parked beside the roadway.  Appellant was unable to locate his wallet until
Graham assisted him.  Graham asked that a Spanish speaking officer be sent to
the scene.  Graham told the jury that Appellant’s speech was slurred, although
he conceded Appellant spoke with a thick accent.

            Graham
testified that he smelled an alcoholic beverage odor coming from the vehicle. 
When asked to step to the rear of the truck, Appellant leaned against the truck
for balance.  Then Graham started to administer common field sobriety tests
beginning with the horizontal gaze nystagmus (HGN) test.  However, Graham
conceded that he had administered the test incorrectly.  Graham then attempted
to administer the walk and turn test but stopped the test when Appellant
stumbled and almost fell.  Graham testified that he did not even attempt to
give Appellant the one leg stand test because of Appellant’s inability to stand
on his own two feet.  Appellant refused a breath test.

 

Insufficiency of the Evidence

            In
his first issue, Appellant maintains the evidence of guilt is insufficient to
sustain his conviction.  When Officer Graham was asked if he could determine
whether Appellant was intoxicated, he answered, “no.”  Appellant argues that
Graham thereby acknowledged “a greater than reasonable doubt as to an essential
fact.”  He further argues that Graham’s description of Appellant’s unsteady
condition is not consistent with Appellant’s appearance on the patrol car
videotape of the stop.  In Appellant’s view, there was no justification for
Graham’s failure to give Appellant two other field sobriety tests.  Graham
admitted that the only field sobriety test that Appellant completed was given
improperly.

Standard
of Review and Applicable Law

            In
reviewing the sufficiency of the evidence, the appellate court must determine
whether considering all of the evidence in the light most favorable to the
verdict, the jury was rationally justified in finding guilt beyond a reasonable
doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789,
61 L. Ed. 2d 560 (1979); Brooks v. State, 323 S.W.3d 893, 899
(Tex. Crim. App. 2010).  Considering the evidence “in the light most favorable
to the verdict” under this standard requires the reviewing court to defer to
the jury’s credibility and weight determinations, because the jury is the sole
judge of the witnesses’ credibility and the weight to be given their
testimony.  Jackson, 443 U.S. at 319, 99 S.Ct. at 2789; Brooks,
323 S.W.3d at 899.  Each fact need not point directly and independently to the
guilt of the appellant if the cumulative force of all incriminating
circumstances is sufficient to support the conviction.  Hooper v. State,
214 S.W.3d 9, 13 (Tex. Crim. App. 2007).  “[A] . . . court faced with a record
of historical facts that supports conflicting inferences must presume—even if
does not affirmatively appear in the record—that the trier of facts resolved
any such conflicts in favor of the prosecution. . . .”  Jackson,
443 U.S. at 326, 99 S. Ct. at 2793.

            In
order to convict a defendant of driving while intoxicated, the state must prove
that (1) the defendant (2) operated (3) a motor vehicle (4) while intoxicated
(5) in a public place.  Tex. Penal Code
Ann. § 49.04(a) (Vernon 2003).  “Intoxicated” means “(A) not having the
normal use of mental or physical faculties by reason of the introduction of
alcohol, a controlled substance, a drug, a dangerous drug, a combination of two
or more of those substances, or any other substance into the body; or (B) having
an alcohol concentration of 0.08 or more.”  Tex.
Penal Code Ann. § 49.01(1)(A), (B) (Vernon 2003).  A jury’s conclusion
that a person was intoxicated may be based upon evidence of the defendant’s (1)
bad driving, (2) unusual actions, (3) sound of speech, (4) appearance, (5)
smell of alcohol, and (6) unsteadiness.  See Bagheri v. State,
329 S.W.3d 23, 27–28 (Tex. App.–San Antonio 2010, pet. ref’d).

Discussion

            Appellant
argues that Officer Graham’s testimony that he could not determine if Appellant
was intoxicated amounted to an acknowledgement by the State’s only witness that
he had “a greater than reasonable doubt as to an essential fact” in the case. 
When considered in the context of the preceding testimony regarding Appellant’s
refusal to take a breath test, Officer Graham’s testimony indicates that he
regarded a “determination” of intoxication to require a breath or blood
specimen showing .08 blood alcohol concentration.  Appellant’s refusal
prevented such a determination.  On at least two occasions, Officer Graham
testified that he “felt” Appellant was intoxicated.  If a conflict exists in
the officer’s testimony, we must defer to the jury’s resolution of the
conflict.  Brooks, 323 S.W.3d at 899.  Appellant argues an
inconsistency exists in Officer Graham’s testimony that Appellant spoke with a
thick accent and his description of Appellant’s speech as slurred.  The record
shows that Officer Graham told the jury that he could distinguish between
slurred speech and a thick accent.  Nor do we perceive any important conflict
between the officer’s testimony and the patrol car videotape.  Appellant
plainly failed the walk and turn test.  Officer Graham testified that it would
have made no sense to administer the one leg stand test when Appellant had just
demonstrated limited ability to stand on two legs.

            Appellant’s
counsel’s relentless cross examination demolished the evidentiary value of the
HGN test results as well as effectively exposed other shortcomings in Officer
Graham’s investigation.  However, “[i]t is not necessary that every fact point
directly and independently to the defendant’s guilt; it is enough if the conclusion
is warranted by the combined and cumulative force of all the incriminating
circumstances.”  Hooper v. State, 214 S.W.3d 9, 13 (Tex. Crim.
App. 2007) (quoting Johnson v. State, 871 S.W.2d 183, 186 (Tex.
Crim. App. 1993)).

            There
is abundant evidence in the record on which the jury could have reasonably
relied to find Appellant guilty, including evidence of his poor driving before
and during the stop, his inability to find his wallet without Officer Graham’s
assistance, his slurred speech, and the odor of an alcoholic beverage emanating
from his truck.  Appellant clearly failed the walk and turn test.  The jury was
also entitled to consider Appellant’s admission that he had “at least four”
drinks, and his refusal to provide a breath specimen.  We conclude the
cumulative force of all the incriminating evidence sufficient to support
Appellant’s conviction when considered in the light most favorable to the
verdict.  Appellant’s first issue is overruled.

 

Admissibility of Officer graham’s Testimony

            In
his second issue, Appellant complains the trial court erred in allowing Officer
Graham to testify “regarding a purported horizontal gaze nystagmus field
sobriety test.”

            Prior
to the reading of the information, Appellant’s counsel reurged the defense’s motion
in limine.  The motion asked the trial court to exclude all references to or
results of field sobriety tests unless it was shown that the tests were
properly administered by a qualified person.  During the first trial of this
case, the trial court had granted a mistrial because of the State’s violation
of an unrelated motion in limine.  In reurging his motion, Appellant’s counsel
summarized Officer Graham’s testimony in the first trial regarding the HGN
test, testimony that he argued indicated that Graham was unqualified to
administer the test and had improperly administered it to Appellant.  The trial
court denied Appellant’s motion.

            Appellant
did not object when Officer Graham testified at length regarding his
administration of the HGN test.  Instead, he conducted a persistent cross
examination regarding the way the officer had tested Appellant, eventually
forcing Graham’s admission that he had not given the test properly.

            On
appeal, Appellant contends the presentation of the motion in limine was, in
effect, a Rule 705 hearing “directed to the underlying facts or data upon which
the opinion [Officer Graham’s] is based.”

            The
State insists that Appellant’s failure to object to Officer Graham’s testimony
waived any error in admitting the testimony.

Standard
of Review

            A
trial court’s decision to admit or exclude evidence is reviewed for abuse of
discretion.  Davis v. State, 329 S.W.3d 798, 802 (Tex. Crim. App.
2010).  To obtain reversal of a judgment based on error in the
admission or exclusion of evidence, an appellant must show the trial court’s
ruling was error and that the error affected a substantive right of the
defendant.  Tex. R. Evid. 103(a).

Applicable
Law

            A
motion in limine normally preserves nothing for review.  Fuller v. State,
253 S.W.3d 220, 232 (Tex. Crim. App. 2008); Webb v. State, 760 S.W.2d
263, 275 (Tex. Crim. App. 1988).  “For error to be preserved with regard to the
subject of a motion in limine, an objection must be made at the time the
subject is raised during trial.”  Fuller, 253 S.W.3d at 232.

            “When
the court hears objections to offered evidence out of the presence of the jury
and rules that such evidence be admitted, such objections shall be deemed to
apply to such evidence when it is admitted before the jury without the necessity
of repeating those objections.”  Tex. R.
Evid. 103(a)(1); Ethington v. State, 819 S.W.2d 854, 858
(Tex. Crim. App. 1991).  An objection must be made unless the complaining party
obtains a running objection or obtains a ruling on his complaint in a hearing
outside the presence of the jury.  Lopez v. State, 253 S.W.3d
680, 684 (Tex. Crim. App. 2008).

            Out
of the presence of the jury and before the reading of the information,
Appellant’s counsel stated, “Your Honor, at this time, we would reurge our—the
defense motion in limine in regard to the horizontal gaze nystagmus test.”  The
trial court heard no testimony during the short hearing.  Appellant summarized
for the court Officer Graham’s testimony from the first trial, which counsel
argued demonstrated that the HGN test given Appellant was incorrectly
administered and Graham unqualified to give it.  The trial court denied
Appellant’s motion.  Appellant thereafter raised no objection to Officer
Graham’s testimony regarding the HGN test.  Instead, Appellant’s counsel
effectively cross examined Officer Graham, eventually eliciting his admission
that the test, as given, was not valid.  Appellant did not ask the court to
strike Officer Graham’s testimony regarding the results of the HGN test. By
failing to continue to object to Graham’s testimony regarding the HGN test,
Appellant waived error, if any, in admitting the testimony.

            Appellant
insists, however, that the testimony of Officer Graham in the first trial was,
in effect, a hearing outside the presence of the jury under Rule 705, Texas
Rules of Evidence.  Rule 705 provides that prior to an expert giving the
expert’s opinion or disclosing the underlying facts or data, a party against
whom the opinion is offered shall be permitted to conduct a voir dire examination
out of the hearing of the jury directed to the underlying facts or data upon
which the opinion is based.  Appellant made no request to conduct a voir dire
examination of Officer Graham prior to his testimony.  Appellant implies that
his counsel’s summary of Officer Graham’s testimony in the first trial was an
adequate substitute for a voir dire examination in the second.  Appellant made
no such assertion in the trial court.  Appellant simply “reurged . . . the
defense motion in limine.”  Appellant’s contention is without merit. 
Appellant’s failure to object to the HGN test evidence when offered waived
error, if any.  Appellant’s second issue is overruled.

 

Disposition

            Having
overruled Appellant’s first and second issues, we affirm the
trial court’s judgment.

 

 

 

Bill Bass

    
Justice

 

Opinion delivered March 31, 2011.

Panel
consisted of Griffith, J., Hoyle, J., and Bass, Retired J., Twelfth Court of
Appeals, sitting by assignment.

 

 

 

 

                                                            (DO
NOT PUBLISH)