**Gerald Earl GILBERT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–04–00523–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 6, 2005.

Alex G. Azzo, Houston, for Appellant.

Peyton Z. Peebles, III, Assistant District Attorney, Charles A. Rosenthal, Jr., District Attorney–Harris County, Houston, for Appellee.

Panel consists of Justices TAFT, ALCALA, and HIGLEY.

## OPINION

TIM TAFT, Justice.

A jury found appellant, Gerald Earl Gilbert, guilty of murder and assessed his punishment at 20 years in prison. We determine whether the trial court erred in denying appellant's request for a charge on the lesser-included offense of manslaughter. We affirm.

### Background

The complainant, Christopher Taylor, was the son of appellant's fiancée, Carol Ann Taylor, who shared a home with appellant. In mid-August, the complainant drove with his son from Ohio to Houston to visit his mother and appellant. During most of his visit, the complainant stayed at a hotel, but on his last night in town, he opted to stay at appellant's home.

On August 18, 2003, the last evening of the complainant's visit, the complainant arrived at appellant's home from an evening out at approximately 12:30 a.m. The complainant retired to his bedroom with his son. Shortly thereafter, appellant began arguing with Carol Ann Taylor, who had been in the master bedroom watching television. At some point during the argument, the complainant emerged from his bedroom into the hallway and confronted

appellant regarding the argument occurring between appellant and his mother. Appellant then ran into his office and retrieved his handgun. During the ensuing altercation, the complainant was shot and later died from a gunshot wound to his abdomen.

## Lesser–Included Offense

■ In his sole issue, appellant contends that the trial court erred in refusing to submit a charge on the lesser-included offense of manslaughter to the jury. To be entitled to a charge on a lesser-included offense, (1) the lesser-included offense must be included within the proof necessary to establish the offense charged, and (2) some evidence must exist in the record that would permit a jury rationally to find that the defendant is guilty only of the lesser offense. *Mathis v. State*, 67 S.W.3d 918, 925 (Tex.Crim.App.2002).

■ Manslaughter is a lesser-included offense of the offense of murder. *Moore v. State*, 969 S.W.2d 4, 9 (Tex.Crim.App. 1998). Manslaughter requires proof that the defendant acted recklessly, that is, that he consciously disregarded a substantial risk of which he was aware. *See* Tex. Pen.Code Ann. §§ 6.03(c), 19.04(a) (Vernon Supp.2004–2005).

■ In determining whether there is evidence to support a charge on recklessness, a statement that the defendant did not intend to kill the victim "cannot be plucked out of the record and examined in a vacuum." *Godsey v. State*, 719 S.W.2d 578, 584 (Tex.Crim.App.1986). However, the credibility of the evidence and whether it conflicts with other evidence or is controverted may not be considered in determining whether an instruction on a lesser-included offense should be given. *Banda v. State*, 890 S.W.2d 42, 60 (Tex.Crim.App. 1994). Regardless of its strength or weakness, if any evidence raises the issue that the defendant was guilty only of the lesser

offense, then the charge must be given. *Saunders v. State*, 840 S.W.2d 390, 391 (Tex.Crim.App.1992).

Appellant contends that there is evidence to support the charge of manslaughter. Specifically, appellant contends that, during the trial, he denied that he intentionally killed the complainant. Appellant admitted that he retrieved a gun from his office because he wanted to "police his house," after the complainant had pushed him. Appellant testified that, as he was coming out of his office, the complainant pushed him again and Carol Ann Taylor threw her body into his arm. As a result of Carol Ann Taylor's push, appellant testified that he fell backwards and tried to brace himself. Appellant testified that, at that point, gun accidentally fired. Appellant testified that he never cocked the gun or raised it to point it at the complainant. Appellant testified that he never intended to hurt or to shoot the complainant and that he was shocked when the gun fired.

The State contends that there is no evidence that would permit a jury rationally to find only that, at the time of the weapon's discharge, appellant was aware of, but consciously disregarded, a substantial and unjustifiable risk that the complainant would die as a result of the conduct. We agree. Appellant's testimony denying his intent to shoot the complainant was presented in the context of his gun's going off accidentally, that is, involuntarily, due to Carol Ann Taylor's throwing her body into his arm. Therefore, appellant's testimony failed to establish that he was reckless in having discharged the gun; instead, his testimony was relevant only to establish the defensive issue of accident—that his conduct was involuntary because he was bumped. Appellant did not testify that he voluntarily discharged his gun for example, an effort to shoot near the complainant so as to scare him—thereby raising the issue of recklessly shooting the gun in the

direction of, but hitting, the complainant. The reason that it was important for appellant to have relied on facts showing recklessness in discharging the gun is that manslaughter is a "result-of-conduct" offense, one in which recklessness must go to the conduct causing the death, *i.e.*, the shooting. *See Schroeder v. State,* 123 S.W.3d 398, 400 (Tex.Crim.App.2003). Therefore, the fact that appellant may have recklessly created the circumstances leading up to the complainant's having been shot fails to raise the issue of manslaughter.

Accordingly, we conclude that the trial court did not abuse its discretion in not including an instruction on manslaughter.

We overrule appellant's sole issue.

### Conclusion

We affirm the judgment of the trial court.