Opinion issued August 23, 2007







 



In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-07-00647-CR

____________


IN RE GERALD GILBERT, Relator







Original Proceeding on Petition for Writ of Mandamus





 

MEMORANDUM OPINION

 Relator Gerald Gilbert filed a petition for writ of mandamus complaining that
respondent court reporter (1) and respondent district clerk (2) have not provided him with
trial records for cause number 958955. We dismiss the petition for lack of
jurisdiction.

 This Court has mandamus jurisdiction against a district court judge or county
court judge in our district, and all writs necessary to enforce our jurisdiction. (3) See
Tex. Gov't Code Ann. § 22.221 (Vernon 2006). We have no authority to issue a
writ of mandamus against a court reporter unless such is necessary to enforce our
jurisdiction. In re Strickhausen, 994 S.W.2d 936, 936 (Tex. App.--Houston [1st
Dist.] 1999, orig. proceeding). Also, we have no authority to issue a writ of
mandamus against a district clerk unless such is necessary to enforce our jurisdiction. 
In re Coronado, 980 S.W.2d 691, 692 (Tex. App.--San Antonio 1998, orig.
proceeding). 

 This Court issued an opinion affirming relator's conviction in cause number
958955 on March 20, 2003. See Gilbert v. State, 196 S.W. 3d 163, (Tex.
App.--Houston [1st Dist.] 2005, pet ref'd). Our mandate was filed by the Harris
County District Clerk's office on December 6, 2006. We no longer have plenary
jurisdiction over the direct appeal. See Tex. R. App. P. 19.

 Accordingly, the petition for writ of mandamus against the court reporter and
the district clerk is dismissed for lack of jurisdiction.PER CURIAM

Panel consists of Chief Justice Radack, and Justices Keyes and Higley

Do not publish. Tex. R. App. P. 47.2(b).
1. Respondent is Trish Matthew, the official court reporter of the 228th District
Court, Harris
2. Respondent is Charles Bacarisse, Harris County District Clerk.
3. This Court has no authority to issue writs of mandamus in criminal law matters
pertaining to post conviction habeas corpus proceedings seeking relief from
final felony judgments. That jurisdiction lies exclusively with the Texas Court
of Criminal Appeals. See Board of Pardons & Paroles ex rel. Keene v. Court
of Appeals for the Eighth District, 910 S.W.2d 481, 483 (Tex. Crim. App.
1995); In re McAfee, 53 S.W.3d 715, 717-18 (Tex. App.--Houston [1st Dist.]
2001, orig. proceeding); Tex. Code Crim. Proc. Ann. art. 11.07, § 3 (Vernon
2006).