Opinion issued July 9, 2009
 









    


In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-09-00109-CR
____________

GERALD EARL GILBERT, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 228th District Court
 Harris County, Texas
Trial Court Cause No. 958955



 
 MEMORANDUM OPINION

          A jury convicted appellant, Gerald Earl Gilbert, of murder, and on May 6,
2004, the trial court assessed his punishment at 20 years of confinement. See Gilbert
v. State, 196 S.W.3d 163, 164 (Tex. App.—Houston [1st Dist.] 2005, pet. ref’d). On
October 6, 2005, our Court issued an opinion affirming the trial court’s judgment. Id.
          On August 21, 2008, appellant filed a pro se application for a writ of habeas
corpus. Appellant requested various items related to the grand jury and also
requested, among other things, “deliberately suppressed exculpatory evidence
favorable to defense and proof of innocence.” On November 25, 2008, the trial court
signed an order denying the application, rather than making the writ returnable to the
Texas Court of Criminal Appeals for the application’s consideration in that court. See
Tex. Code Crim. Proc. Ann. art. 11.07, § 3(a), (b) (Vernon Supp. 2008) (providing
that writ must be made returnable to Texas Court of Criminal Appeals); id. art. 11.07,
§ 5 (Vernon Supp. 2008) (providing that Texas Court of Criminal Appeals will grant
or deny relief on application). On February 6, 2009, the trial court certified the
appellant’s right of appeal. It is from the November 25 order that appellant appeals.
           Texas Code of Criminal Procedure article 11.07 provides the exclusive means
to challenge a final, non-death-penalty, felony conviction by writ of habeas corpus. 
Tex. Code Crim. Proc. Ann. art. 11.07, § 1 (“This article establishes the procedures
for an application for writ of habeas corpus in which the applicant seeks relief from
a felony judgment imposing a penalty other than death.”); id. art. 11.07, § 5 (“After
conviction the procedure outlined in this Act shall be exclusive and any other
proceeding shall be void and of no force and effect in discharging the prisoner.”). 
Jurisdiction to grant or to deny post-conviction habeas relief in non-death-penalty
felony cases thus rests exclusively with the Texas Court of Criminal Appeals. See id.
art. 11.07, § 5; Maye v. State, 966 S.W.2d 140, 143 (Tex. App.—Houston [14th Dist.]
1998, no pet.).
          Our Court has jurisdiction over criminal appeals only when jurisdiction is
granted by law. Everett v. State, 91 S.W.3d 386, 386 (Tex. App.—Waco 2002, no
pet.). Because jurisdiction to grant or to deny post-conviction habeas relief in this
type of felony case rests exclusively with the Texas Court of Criminal Appeals, a
court of appeals has no role in such proceedings, whether through the exercise of
original or appellate jurisdiction. See Ater v. Eighth Court of Appeals, 802 S.W.2d
241, 243 (Tex. Crim. App. 1991) (providing that court of appeals has no original
jurisdiction to consider a post-conviction application for writ of habeas corpus);
Lomax v. State, Nos. 14-08-00256-CR, 14-08-00257-CR, 2008 WL 2514406, at *1
(Tex. App.—Houston [14th Dist.] June 19, 2008, no pet.) (mem. op., not designated
for publication) (“The denial of motions for disclosure of grand jury minutes and for
appointment of counsel are not separately appealable orders. . . . Moreover, this court
lacks jurisdiction over post-conviction habeas proceedings in felony cases.”); see also
Tex. Code Crim. Proc. Ann. art. 11.07, § 5. The certification of the right to appeal
does not confer jurisdiction on this Court when statute or rule does not. See Kelly v.
State, 151 S.W.3d 683, 685 (Tex. App.—Waco 2004, no pet.) (providing that
appellate jurisdiction exists only when expressly provided by law). Conclusion

          We dismiss the appeal for want of jurisdiction.
 

 
Tim Taft



Justice

Panel consists of Chief Justice Radack and Justices Sharp and Taft.

Do not publish. See Tex. R. App. P. 47.2(b).