**Opinion issued December 21, 2023**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-22-00070-CR

———————————

**DAVID CRUZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 180th District Court
Harris County, Texas
Trial Court Case No. 1641590

## MEMORANDUM OPINION

Appellant David Cruz was convicted of murder, pleaded true to an enhancement, and was sentenced to 40 years' confinement. Cruz raises eight issues on appeal: (1) a directed verdict should have been granted because of insufficient evidence; (2) there is insufficient evidence to support the verdict; (3) an instruction

on the lesser-included offense of manslaughter should have been submitted to the jury; (4) testimony was improperly excluded; (5) evidence of the complainant's criminal history should have been admitted; (6) a mistrial should have been granted because the State commented on Cruz's failure to testify; (7) a mistrial should have been granted because the State shifted the burden of proof to him in its closing argument; and (8) the State made improper closing argument based on personal opinion. Because there is sufficient evidence, a lesser-included instruction was not required, evidence was properly excluded, a mistrial was not required, and any improper arguments were harmless, we affirm.

## Background

Cruz, Christian Tristian, L. Hernandez, and D. Pate were drinking at Tristian's home. Cruz, who was carrying a firearm, began acting aggressively. Sometime after Hernandez and Pate left, police were called to a shooting at Tristian's home. Tristian was found deceased with a gunshot wound to his head. Police spoke to Cruz's father, M. Cruz, and sister, Cynthia, who were on the sidewalk nearby. They told police that Cruz was at his uncle's home.

Police found Cruz at his uncle's home a few miles away. While in custody, Cruz told officers, "I did it, man, I did it. I should have stayed." He stated he fled the scene and threw the firearm out of his car, but police failed to locate the weapon. An autopsy revealed that a firearm was fired in direct contact with Tristian's head.

At trial, the jury heard from multiple witnesses, including Hernandez and Pate, Tristian's friends who were drinking with Cruz and Tristian before Tristian's death; J. Perez, Tristian's wife; Lieutenant M. Nava of the Houston Police Department, who investigated Tristian's death; A. Reyes, a crime scene investigator who responded to Tristian's death; Dr. D. Wolf, the deputy chief medical examiner at the Harris County Institute of Forensic Sciences who reviewed and cosigned Tristian's autopsy report; and Cynthia Cruz, Cruz's sister.

The jury found Cruz guilty of murder, and the trial court sentenced Cruz to 40 years' confinement.

## Sufficiency of the Evidence

Cruz contends the trial court should have granted a directed verdict and that there is insufficient evidence to support his conviction. Because Cruz's first two issues overlap, we address them together. *See Lewis v. State*, 193 S.W.3d 137, 139–40 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (appeal from denial of directed verdict motion is treated as challenge to legal sufficiency of evidence supporting conviction).

### A.    Standard of Review

The Fourteenth Amendment's due process guarantee prohibits a criminal defendant from being convicted of an offense and denied their liberty unless there is sufficient evidence for a rational factfinder to find them guilty beyond a reasonable

doubt. *Swearingen v. State*, 101 S.W.3d 89, 95 (Tex. Crim. App. 2003). When reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict to determine whether any rational factfinder could have found the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979); *see Adames v. State*, 353 S.W.3d 854, 859 (Tex. Crim. App. 2011) (holding that *Jackson* applies when determining sufficiency of evidence).

**B.      Analysis**

A person commits the offense of murder if he intentionally or knowingly causes the death of an individual, or if he intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual. TEX. PENAL CODE § 19.02(b)(1), (2). The State must prove beyond a reasonable doubt that the defendant committed the offense charged. *See Johnson v. State*, 673 S.W.2d 190, 196 (Tex. Crim. App. 1984).

The parties do not dispute that Tristian died from a gunshot wound. Cruz only argues that the State did not show that Cruz caused Tristian's death. Cruz points to a lack of motive or animosity toward Tristian, narcotics found next to Tristian's body that were likely either methamphetamine or cocaine, and testimony that it was unclear whether Tristian's death was a suicide, an accident, or intentional.

4

Direct and circumstantial evidence are treated equally in establishing guilt, and circumstantial evidence alone may suffice. *Sorrells v. State*, 343 S.W.3d 152, 155 (Tex. Crim. App. 2011). Each fact need not point directly and independently to the defendant's guilt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). The combined force of the incriminating circumstances can be enough to support the conviction. *Id.* But if considering all the evidence, a rational factfinder would have a reasonable doubt as to the defendant's guilt, then due process requires a reversal and an acquittal. *Swearingen*, 101 S.W.3d at 95. While Cruz seeks to parse the State's evidence, each fact need not point directly and independently to his guilt if the cumulative force of all the incriminating evidence supports his conviction. *See Hooper*, 214 S.W.3d at 13.

The evidence showed that Cruz, Tristian, and friends were at Tristian's home. Hernandez and Pate testified that Cruz had a firearm and was acting aggressively. Photographs show Cruz and Tristian handling a firearm matching the description Hernandez provided. At some point, the friends left, and Cruz and Tristian were alone. Later, police responded to a call about a shooting. Upon arriving at Tristian's home, police found Tristian's body on the floor with a gunshot wound to his head. Police located Cruz soon after. He told law enforcement he "did it" but he was scared so he fled. The jury also heard that Cruz disposed of the firearm after the shooting. A. Reyes, crime scene investigator for the Houston Forensic Science Center, stated

5

that she could not determine whether Tristian's death was caused intentionally, negligently, or recklessly. Lieutenant Nava of the Houston Police Department testified that he could not determine whether Tristian's death was a suicide, an accident, or a murder. An autopsy revealed Tristian had a muzzle imprint on his head, and there was no stippling outside the gunshot wound. Dr. D. Wolf, deputy chief medical examiner at the Harris County Institute of Forensic Sciences, testified that the autopsy showed the firearm was discharged with direct contact with Tristian's head, but he could not say whether the shooting was intentional, negligent, reckless, or self-inflicted. Dr. Wolf added that the toxicology report showed that Tristian had a blood alcohol concentration level of .089 and that methamphetamine and amphetamine were present in Tristian's system at his death.

"A jury may infer intent from any facts which tend to prove its existence, including the acts, words, and conduct of the accused, and the method of committing the crime and from the nature of wounds inflicted on the victims." *See Hart v. State*, 89 S.W.3d 61, 64 (Tex. Crim. App. 2002) (quoting *Manrique v. State*, 994 S.W.2d 640, 649 (Tex. Crim. App. 1999) (Meyers, J., concurring)). A firearm is also a deadly weapon per se. TEX. PENAL CODE § 1.07(a)(17) (West 2019); *Sholars v. State*, 312 S.W.3d 694, 703 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd). The intent to kill someone may be inferred from the use of a deadly weapon in a deadly manner. *Adanandus v. State*, 866 S.W.2d 210, 215 (Tex. Crim. App. 1993). "When a deadly

6

weapon is fired at close range, and death results, the law presumes an intent to kill."
*Sholars*, 312 S.W.3d at 703.

Viewing all the evidence in the light most favorable to the verdict, the evidence shows that Cruz had a firearm at Tristian's home, Tristian was found deceased with a gunshot wound to the head, and Tristian's wound was consistent with a gunshot fired at close range. Cruz admitted that he "did it" and should not have left, and Cruz disposed of the firearm after leaving Tristian's home. Although some evidence is circumstantial, its cumulative force provided more than a scintilla of evidence to support a reasonable conclusion that Cruz intentionally shot and killed Tristian. *See Jackson*, 443 U.S. at 320 (setting forth standard for legal insufficiency); *Galvan-Cerna v. State*, 509 S.W.3d 398, 404 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (jury can use common sense to infer intent from conduct). Even if there were evidence suggesting otherwise—such as Cruz's friendship with Tristian, Tristian's narcotics use, and testimony about the unknown intent of the shooter—the jury had the exclusive role as factfinder to weigh the evidence and the witnesses' credibility, and we defer to its determinations. *See Lancon v. State*, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008); *Bartlett v. State*, 270 S.W.3d 147, 150 (Tex. Crim. App. 2008) (jury is exclusive judge of facts proved and weight to be given to testimony); *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000) (we resolve any inconsistencies in testimony in favor of jury's verdict).

7

Accordingly, we overrule Cruz's first two issues.

## Jury Instruction

Cruz contends the trial court should have instructed the jury on the lesser-included offense of manslaughter because there was evidence that the shooting was unintentional.

### A.    Standard of Review

We review a trial court's denial of a lesser-included offense instruction in the jury charge for an abuse of discretion. *See Threadgill v. State*, 146 S.W.3d 654, 666 (Tex. Crim. App. 2004); *Steele v. State*, 490 S.W.3d 117, 126 (Tex. App.—Houston [1st Dist.] 2016, no pet.).

### B.    Analysis

A defendant is entitled to a charge on a lesser-included offense if (1) the lesser-included offense is included within the proof necessary to establish the offense charged, and (2) some evidence exists in the record that would permit a jury rationally to find that the defendant is guilty only of the lesser offense. *Cavazos v. State*, 382 S.W.3d 377, 382–83 (Tex. Crim. App. 2012); *Mathis v. State*, 67 S.W.3d 918, 925 (Tex. Crim. App. 2002). An offense may be a lesser-included offense if it differs from the charged offense only in the respect that a less culpable mental state is enough to establish its commission. *See* TEX. CODE CRIM. PROC. art. 37.09(3).

Manslaughter is a lesser-included offense of murder. *Moore v. State*, 969 S.W.2d 4, 9 (Tex. Crim. App. 1998). A person commits the offense of manslaughter if he recklessly causes the death of an individual. *See* TEX. PENAL CODE § 19.04. A person acts recklessly, or is reckless, with respect to the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the result will occur. *Id.* § 6.03(c). "Manslaughter is a result-oriented offense: the mental state [of recklessness] must relate to the results of the defendant's actions." *Britain v. State*, 412 S.W.3d 518, 520 (Tex. Crim. App. 2013).

In determining whether there is evidence to support a charge on recklessness, a statement that the defendant did not intend to kill the victim "cannot be plucked out of the record and examined in a vacuum." *Gahagan v. State*, 242 S.W.3d 80, 86 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (quoting *Godsey v. State*, 719 S.W.2d 578, 584 (Tex. Crim. App. 1986)). At the same time, the credibility of the evidence and whether it conflicts with other evidence or is controverted may not be considered in determining whether an instruction on a lesser-included offense should be given. *Banda v. State*, 890 S.W.2d 42, 60 (Tex. Crim. App. 1994). Regardless of its strength or weakness, if any evidence raises the issue that the defendant was guilty only of the lesser offense, then the charge must be given. *Saunders v. State*, 840 S.W.2d 390, 391 (Tex. Crim. App. 1992); *Cavazos*, 382 S.W.3d at 383.

Cruz argues that there was testimony that he shot Tristian by accident and that he would never harm Tristian. Cruz also points to evidence that he and Tristian were friends and that there was no animosity observed between them that day. Photographs of Cruz and Tristian together pointing a firearm at the camera were submitted to the jury as well. Cruz also highlighted that they had drank and used drugs that day and that there was testimony about how people who do so become impaired and can get reckless. Lastly, Cruz notes that none of the State's witnesses could say whether the shooting was intentional.

The State compares Cruz's statement to the *Cavazos* defendant's denial of intent, which the Texas Court of Criminal Appeals held insufficient for a manslaughter instruction. *See Cavazos*, 382 S.W.3d at 385. *Cavazos* turned on the specific facts of that case: "Pulling out a gun, pointing it at someone, pulling the trigger twice, fleeing the scene (and the country), and later telling a friend 'I didn't mean to shoot anyone' does not rationally support an inference that [the appellant] acted recklessly at the moment he fired the shots." *Id.* Without additional evidence supporting a recklessness finding, defendant's testimony alone did not require an instruction on the lesser-included offense of manslaughter. *Id.* at 385–86. Manslaughter is a result-of-conduct type offense, so evidence of recklessness must go to the conduct causing Tristian's death, *i.e.*, the shooting. *Gilbert v. State*, 196 S.W.3d 163, 166 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd). Here, Cruz only

offers that he told an officer that he accidentally shot Tristian. The only context provided is that Tristian and Cruz were friends, there were narcotics in Tristian's system when he died, Cruz had been aggressively handling the weapon when Hernandez and Pate were there, and no one else was around when the shooting occurred. But none of these facts show that Cruz was reckless in discharging the firearm. *See id.* (shooting near complainant to scare him is an example where manslaughter would be raised); *O'Brien v. State*, 89 S.W.3d 753, 756 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd) (relying on testimony "that the gun accidentally went off after [the defendant] was hit" by a wooden board causing him to clench while holding firearm); *Hayes v. State*, 728 S.W.2d 804, 809–10 (Tex. Crim. App. 1987) (noting some evidence that "actual discharge of the gun was accidental, occurring during a struggle between appellant and the complainant"); *Johnson v. State*, 828 S.W.2d 511, 513–14, 516 (Tex. App.—Waco 1992, pet. ref'd) (shooting twice while wrestling with complainant was evidence of recklessness).

Courts have typically found that a manslaughter instruction is required when there is some evidence that the gun was accidentally discharged or that the defendant only intended to frighten the complainant. *See, e.g.*, *Trujillo v. State*, 227 S.W.3d 164 (Tex. App.—Houston [1st Dist.], 2006, pet. ref'd). A defendant's denial that he intended to kill the victim does not, on its own, raise the issue of manslaughter. *See Arnold v. State*, 234 S.W.3d 664, 672 (Tex. App.—Houston [14th Dist.] 2007, no

11

pet.). Given the state of the entire record, Cruz's statement that the shooting was an accident is not evidence allowing a jury to find that Cruz's actions were reckless. *See Mathis*, 67 S.W.3d at 926 (apart from defendant's own testimony that he did not intend to kill anyone, there was no other evidence to support his theory); *Gahagan*, 242 S.W.3d at 86 (statement that defendant did not intend to kill complainant "cannot be plucked out of the record and examined in a vacuum.").

Accordingly, the trial court did not abuse its discretion in denying the request for a manslaughter instruction. We overrule Cruz's third issue.

## Excluded Evidence: Testimony

Cruz contends that the trial court erred by denying his bill of exception by not allowing the introduction of evidence that he told police "I would never harm him," referring to Tristian.

### A. Standard of Review

A trial court's decision on the admissibility of evidence is reviewed for an abuse of discretion. *Henley v. State*, 493 S.W.3d 77, 82–83 (Tex. Crim. App. 2016). A trial court abuses its discretion when its decision is "so clearly wrong as to lie outside the zone within which reasonable people might disagree." *Id.* at 83. A reviewing court must uphold a trial court's evidentiary ruling if it is correct on any theory of law applicable to that ruling. *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009). If there is error, it is reversible only when it has a substantial

and injurious effect or influence in determining the jury's verdict. TEX. R. APP. P. 44.2(b); *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). We will not overturn the conviction if, after examining the record, we determine that the error did not influence the jury, or only had a slight effect. *Taylor v. State*, 268 S.W.3d 571, 579 (Tex. Crim. App. 2008).

**B.    Analysis**

Cruz complains that he was not allowed to introduce testimony from Lieutenant Nava. The relevant portion of the record reads:

> [Defense Counsel]: Right. And that was a recording that hasn't been played, right? See if this refreshes your recollection. You said this is a difficult situation. He says to you, you'll never understand, right?
>
> [Lt. Nava]: Yes.
>
> [Defense Counsel]: Then he says to you, I will never harm him, right?
>
> [Lt. Nava]: I don't remember exactly the words that he said, but he got agitated. And I remember hearing the first part that you just said and the rest was difficult to hear from where I was standing.
>
> [Defense Counsel]: He told you, I would never harm him, didn't he?
>
> [Lt. Nava]: I think so. It's on the video I'm sure. I don't have a reason to think he didn't say that.

Later in the trial, defense counsel complained that he was unable to admit testimony from Lieutenant Nava that Cruz had said, "I would never harm him."

> [Defense Counsel]: Here's what I anticipate the evidence will show. When Lieutenant Nava testified earlier, he said that there was an Officer Velasco who was part of a team that was out at the Velasco

13

address. . . . I've isolated a portion of the body worn camera that . . . would lead into the part that I would want to introduce and question Officer Nava about. It is David Cruz'[s] father talking to David about where's the gun. During the course of that conversation Lieutenant Nava comes up, is visible in the screen, and Lieutenant Nava starts talking to . . . . David and he says, he, Nava says, I understand. David Cruz in affect says, no, you don't understand, no, you don't. Yeah, I do, man. You don't understand. And then David Cruz says, you don't understand, I would never harm him. Yesterday when I had Lieutenant Nava on the stand, he said he didn't remember seeing that. I've had the opportunity to play that portion for him and he's here. And he recognizes that David Cruz did say that. I'm offering it for two reasons; one, it would be to either refresh his recollection or to impeach him with the prior inconsistent statement that David Cruz didn't say that or he didn't remember it. So that's number one; I'd offer it for that. Number two, that portion of it, because they're talking about the guns, is admissible under Rule 106 and 107 as under the Rule of Optional Completeness to give full effect to the conversation about where the gun is.

. . .

[Trial Court]: So, yeah, again your request is denied.

Assuming, without deciding, that the trial court erred by limiting Cruz's cross-examination, any error was harmless. A violation of the Texas Rules of Evidence is reviewed under the standard for non-constitutional error contained in Rule 44.2(b). *Casey v. State*, 215 S.W.3d 870, 885 (Tex. Crim. App. 2007); *Smith v. State*, 355 S.W.3d 138, 152 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd). Error in the exclusion of evidence is rendered harmless where the same evidence is admitted elsewhere without objection. *See, e.g.*, *Preston v. State*, 481 S.W.2d 408, 409 (Tex. Crim. App. 1972) ("This Court has consistently held reversal is not

14

required by exclusion of evidence where same testimony was later admitted without objection."); *Montgomery v. State*, 383 S.W.3d 722, 727 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (error in exclusion of evidence is harmless when same evidence is admitted elsewhere at trial). Any error the trial court made in sustaining the State's objections was rendered harmless beyond a reasonable doubt by the fact that the same evidence was admitted elsewhere in the proceedings without objection.

We overrule Cruz's fourth issue.

## Excluded Evidence: Criminal History

Cruz contends Tristian's prior criminal history should have been admitted once the State's witness testified about Tristian's good character.

### A. Standard of Review

We review a trial court's decision to exclude evidence of a decedent's character for an abuse of discretion. *Beham v. State*, 559 S.W.3d 474, 478 (Tex. Crim. App. 2018). A trial court abuses its discretion if its ruling is so clearly wrong that it lies outside the zone within which reasonable people might disagree. *Id.*

### B. Analysis

Character evidence may be admissible when a witness in a murder case "opens the door" to rebuttal character evidence by placing the decedent's character at issue. *Allen v. State*, 473 S.W.3d 426, 454 (Tex. App.—Houston [14th Dist.] 2015, pet. dism'd); *see Daggett v. State*, 187 S.W.3d 444, 453 n.24 (Tex. Crim. App.

2005) ("When a witness makes a broad statement of good conduct or character on a collateral issue, the opposing party may cross-examine the witness with specific instances rebutting that false impression, but generally may not offer extrinsic evidence to prove the impeachment acts."). Generally, prior offenses are inadmissible for impeachment purposes unless the offense resulted in a final conviction for either a felony or a crime involving moral turpitude and the conviction is not too remote in time. *See Ochoa v. State*, 481 S.W.2d 847, 850 (Tex. Crim. App. 1972); *see also* TEX. R. EVID. 608, 609. But an exception arises when a witness testifies and leaves a false impression as to the extent of prior arrests, convictions, charges, or "trouble" with the police generally. *See Prescott v. State*, 744 S.W.2d 128, 131 (Tex. Crim. App. 1988).

During the State's direct examination of J. Perez, Tristian's wife, she testified her husband was making personal progress:

> [State]: Ms. Perez, without getting into specific statements or things that [Tristian] told you, do you know why – why there was a change?
>
> [Perez]: Yes.
>
> [State]: Okay. And can you tell us why, based on what you know, can you tell us why there was a change?
>
> [Perez]: Because David didn't know how to act. He was aggressive.
>
> [State]: Okay. But based on your observation — well–excuse me. You may answer the question.

16

[Perez]: [Tristian] was going another route. He was going – being a family man, trying to progress in his job. He got a promotion. And he was trying to go to the right while he knew David wasn't trying –

[Defense Counsel]: I'm going to object. Excuse me, excuse me. That's an objection and that's hearsay. Objection, Your Honor.

[Trial Court]: Sustained. Can you rephrase your question?

[Defense Counsel]: And I'd ask the Court to instruct the jury to disregard the last answer.

[Trial Court]: Disregard.

[Defense Counsel]: And move for a mistrial, respectfully, Judge.

[Trial Court]: Denied.

Before cross-examining Perez, defense counsel advised the trial court that he wanted to bring up Tristian's prior convictions. Defense counsel said these were admissible because Perez had "created the false impression of [Tristian] and his character." The trial court sustained the State's objection to this evidence.

Inadmissible evidence may become admissible if it corrects a false impression created by an opposing party. *See Tovar v. State*, 221 S.W.3d 185, 191 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (when defense questioning created false impression that video contained exculpatory statement by complainant, State could introduce video); *Redmond v. State*, 629 S.W.3d 534, 546 (Tex. App.—Fort Worth 2021, pet. ref'd) (when

17

defendant described robbing bank as a "crazy decision" and created impression it was out of character for him, State could introduce evidence of other bank robberies). Perez's testimony that Tristian was changing his life did not create a false impression that he had never been in trouble with the law, or that his record was clear of any prior arrests. *See West v. State*, 169 S.W.3d 275, 281 (Tex. App.—Fort Worth 2005, pet. ref'd) (testimony about "shock" over being arrested did not create false impression about prior criminal history). Moreover, instructions to disregard "are generally considered sufficient to cure improprieties that occur during trial." *Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009).

Accordingly, overrule Cruz's fifth issue.

## Mistrial

In his sixth issue, Cruz contends the State improperly commented on his right to remain silent and not produce evidence at trial. In his seventh issue, Cruz contends the State impermissibly shifted the burden to the defense. Because these issues overlap, we address them together.

### A. Standard of Review

When the trial court sustains an objection and instructs the jury to disregard but denies a defendant's motion for mistrial, the issue is whether the trial court abused its discretion by denying the mistrial. *Archie v. State*, 340 S.W.3d 734, 738–

39 (Tex. Crim. App. 2011) (citing *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004)); *Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007). We view the evidence in the light most favorable to the trial court's ruling, considering only the arguments before the trial court at the time of its ruling. *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009) (citing *Wead v. State*, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004)). The ruling must be upheld if it was within the zone of reasonable disagreement. *Id.* A mistrial is required only when the prejudice is incurable. *Hawkins*, 135 S.W.3d at 77; *Ocon*, 284 S.W.3d at 884–85 (mistrial should be granted when less drastic alternatives fail to cure prejudice).

### B. Analysis

During closing, the State discussed the testimony of the Cruz's sister, Cynthia, who said Cruz called her after the shooting and claimed the shooting was an accident. The State pointed out that Cruz had produced no evidence about how it was an accident, "[n]ot a single piece of evidence regarding a misfire, a slip of the finger."

Cruz objected that the State was "attempting to shift the burden" from the State to the defense. The trial court sustained the objection and, at Cruz's request, instructed the jury to disregard the State's comment. Cruz moved for a mistrial, which the trial court denied.

On appeal, Cruz argues that the State's argument was a comment on his failure to testify and an attempt to shift the burden. The State may not comment on the

19

accused's failure to testify. U.S. CONST. amend. V; TEX. CONST. art. 1, § 10. Such a violation occurs when "the language used was manifestly intended or was of such a character that the jury would necessarily and naturally take it as a comment on the defendant's failure to testify." *Cruz v. State*, 225 S.W.3d 546, 548 (Tex. Crim. App. 2007). A defendant's failure to testify in his own behalf in a criminal trial may not be taken as a circumstance against him, and neither counsel may allude to or comment on such a refusal. *See* TEX. CODE CRIM. PROC. art. 38.08. To constitute error, however, the argument, when viewed from the jury's standpoint, must manifestly be of such a character that the jury would necessarily and naturally take it as a comment on the defendant's failure to testify. *See Swallow v. State*, 829 S.W.2d 223, 225 (Tex. Crim. App. 1992). That the challenged language might be construed as an implied or indirect allusion to the defendant's failure to testify does not establish a violation. *Staley v. State*, 887 S.W.2d 885, 895 (Tex. Crim. App. 1994). Language that can reasonably be construed as a failure to present evidence other than the defendant's testimony is not a comment on his failure to testify. *See Wolfe v. State*, 917 S.W.2d 270, 279 (Tex. Crim. App. 1996); *Welch v. State*, No. 01-18-00223-CR, 2019 WL 1940640, at *6 (Tex. App.—Houston [1st Dist.] May 2, 2019, no pet.) (mem. op., not designated for publication) (if State's language can be reasonably construed as referring to defendant's failure to produce testimony or evidence from sources other than himself, reversal is not required). Additionally, the

State may comment on the defendant's failure to present evidence in his favor. *See Thomas v. State*, 638 S.W.2d 481, 482 (Tex. Crim. App. 1982).

The State argues that Cruz did not preserve his complaint about the State commenting on his failure to testify for our review. Because the only other person who could have testified about the details of what occurred at the time of the shooting would be Cruz, we think the jury would have construed this as an invitation to consider Cruz's failure to testify. *See Archie*, 340 S.W.3d at 740. In this context, Cruz's objection to the State's attempt to shift the burden of proof preserved the issue of commenting on his decision not to testify.

We now consider whether denial of a mistrial on these two issues was an abuse of discretion. To evaluate whether the trial court abused its discretion in denying a mistrial for improper jury argument, we apply the three factors from *Mosley v. State*, which balance: (1) the severity of the misconduct, (2) the measures adopted to cure the misconduct, and (3) the strength of the evidence supporting the conviction. 983 S.W.2d 249, 259 (Tex. Crim. App. 1998).

The first *Mosley* factor considers the severity of the misconduct. As to both issues, because the improper argument was embedded within other remarks that invited the jury to draw a legitimate inference about the credibility of Cynthia's testimony, we conclude the magnitude of the prejudice was diminished. The

21

prejudice was not so great here as to render a firm and timely curative instruction ineffective.

Under the second *Mosley* factor, the reviewing court considers the character of the measures adopted to cure the misconduct. The trial court sustained the objection to the State's argument and immediately instructed the jury to disregard the State's comments. Specifically on the argument about a failure to testify, the trial court also instructed the jurors on Cruz's right to remain silent and their duty not to comment on or allude to Cruz's failure to testify. Separately, on the argument about shifting the burden, the State discussed that it had the burden here, and the trial court instructed the jurors that all persons are presumed to be innocent, that "the law does not require a defendant to prove his innocence or produce any evidence at all," and that the State "has the burden of proving the defendant guilty." The law generally presumes that the jury will follow instructions to disregard and other cautionary instructions. *Archie*, 340 S.W.3d at 741; *Buentello v. State*, 512 S.W.3d 508, 516 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd) (citing *Dinkins v. State*, 894 S.W.2d 330, 357 (Tex. Crim. App. 1995)).

Lastly, we look to the certainty of conviction without the misconduct. Again as to both issues, the evidence showed that Cruz, Tristian, and friends were at Tristian's home; that Cruz had a firearm and was acting aggressively with it; that Cruz and Tristian were alone at the home; that Tristian's body was found on the floor

with a gunshot wound to his head; that Cruz told police he "did it" but he was scared so he fled; that Cruz disposed of the firearm after the shooting; and that the firearm was discharged while it was in direct contact with Tristian's head.

Under these circumstances, we hold that it was within the trial court's discretion to deny Cruz's motion for mistrial.

We overrule Cruz's sixth and seventh issues.

## Improper Jury Argument

In his final issue, Cruz contends the trial court erred by overruling his objection to the State's closing argument based on personal opinion.

### A. Standard of Review

We review a trial court's ruling on an objection to improper jury argument for abuse of discretion. *See Garcia v. State*, 126 S.W.3d 921, 924 (Tex. Crim. App. 2004).

### B. Analysis

The law provides for, and presumes, a fair trial, free from improper argument by the State. *Long v. State*, 823 S.W.2d 259, 267 (Tex. Crim. App. 1991). There are four permissible areas of jury argument: (1) summation of the evidence, (2) reasonable deductions from the evidence, (3) answers to the argument of opposing counsel, and (4) pleas for law enforcement. *Davis v. State,* 329 S.W.3d

798, 821 (Tex. Crim. App. 2010); *Cifuentes v. State*, 983 S.W.2d 891, 895 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd).

During closing, the State pointed out that even if Cynthia were close to Tristian, she had an incentive to testify in Cruz's favor. "[S]he can't bring Christian Tristian back from six feet under . . . . But what she can do is keep [Cruz] from getting in trouble." The State argued that Cynthia's testimony about her reaction to a phone call from Cruz after the shooting did not make sense. The State summarized her testimony as having received a call from Cruz that he accidentally shot Tristian but that she did not believe him and went to work. The State continued, "[i]f my brother called me on the phone before I was going to work and told me he shot [Tristian] . . . ." Defense counsel objected, and the trial court overruled counsel's objection.

Even if the trial court erred by overruling Cruz's objection to the State's closing argument, any error was harmless. We review improper jury argument under a non-constitutional harm analysis. TEX. R. APP. P. 44.2(b); *Threadgill v. State*, 146 S.W.3d 654, 666 (Tex. Crim. App. 2004). Under Rule 44.2(b), the reviewing court disregards the error if it does not affect the defendant's substantial rights. TEX. R. APP. P. 44.2(b); *see Martinez v. State*, 17 S.W.3d 677, 692 (Tex. Crim. App. 2000). Courts weigh three factors in determining whether an improper jury argument is harmful under Rule 44.2(b): (1) the severity of the misconduct, (2) any curative

measures adopted, and (3) the strength of the evidence supporting the conviction. *Martinez*, 17 S.W.3d at 692–93; *Mosley*, 983 S.W.2d at 259.

First, any prejudicial effect was minimal. The challenged statement was only a short portion of the State's overall closing argument, which emphasized evidence of Cruz being armed and aggressive before Tristian's death, Cruz's admission that he shot Tristian, and that Tristian was shot in the head at "point blank" range. Considering the State's entire closing argument, the statement challenged on appeal lacked the severity to infringe Cruz's substantial rights.

As to the second factor, because the trial court overruled Cruz's objection, no curative action was taken.

Lastly, the certainty of conviction was high. The evidence shows that Cruz had a firearm and was acting aggressively with it while at Tristian's home, photographs show Cruz and Tristian handling a firearm matching Hernandez's description of Cruz's firearm, Tristian was found with a close-range gunshot wound to the head, Cruz admitted that he "did it" and should not have left, and Cruz disposed of the firearm after leaving Tristian's home.

Because the foundation of the State's closing argument consisted of recounting the evidence and asking the jury to rely on it in determining guilt, the challenged statement did not have a substantial and injurious effect on the jury's verdict. *See King*, 953 S.W.2d at 271.

We overrule Cruz's final issue.

## Conclusion

We affirm the trial court's judgment.

Sarah Beth Landau
Justice

Panel consists of Justices Goodman, Landau, and Rivas-Molloy.

Do not publish. TEX. R. APP. P. 47.2(b).